FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 29  PM 4: 02

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | **CIVIL ACTION** |
| **v.** | * | **NO. 89-1740** |
| **NATIONAL BUSINESS** | * | **SECTION: "M"** |
| **CONSULTANTS, ET AL** | | |
| | * | |

* * *

### FEDERAL TRADE COMMISSION'S
### RESPONSE TO JUDGMENT DEBTORS'
### REQUEST FOR HEARING AND CLAIM OF EXEMPTION

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

This garnishment proceeding arises out of an ongoing effort by the Federal Trade Commission ("FTC") to collect a substantial money judgment in the face of continuing resistance by the judgment debtors. In 1989, nearly fifteen years ago, the FTC brought suit against defendant-appellant Robert Namer and Namer's wholly owned company, defendant-appellant National Business Consultants, Inc. ("NBC"), for violations of the Federal Trade Commission Act ("FTC Act") and the FTC's Franchise Rule, 16 C.F.R. Part 436. Following



a trial in July 1989, this court entered a judgment on November 8, 1991, rendering Namer and NBC jointly and severally liable to the FTC for more than three million dollars, plus prejudgment interest, attorneys' fees, and costs.

Despite repeated efforts by the FTC to enforce the judgment, Namer and NBC have never satisfied their debt to the FTC.    In August 2002, acting pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), the FTC conducted a judgment debtor examination of Namer to determine whether he had any assets that could be used to satisfy the debt.    In January 2003, based on evidence presented during the examination, the district court found that Namer had made use of three closely-held corporate entities controlled by Namer and his family, Namer, Inc., America First Communications, Inc., and Voice of America, "for the calculated purpose of frustrating the Federal Trade Commission from enforcing the judgment in its favor."  The court further found that Namer had violated the FDCPA "by purposefully transferring income and assets" to those entities, "and by incurring debt and making loans" to a fourth entity, Friends of Namer, Inc., that were "calculated to hinder, delay and avoid collection of the judgment against him."

Based on those findings, the district court ordered the four entities to show cause why they should not be joined as defendants and judgment debtors.  In April 2003, the district court issued an order joining Namer, Inc., America First Communications, Inc., Voice of America and Friends of Robert Namer as defendants and

- 2 -

judgment debtors.   *FTC v. National Business Consultants*, 2003 WL 1797891
(E.D. La. Apr. 3, 2003).   On April 8, 2003, this court entered an
amended judgment joining Namer, Inc., America First Communications,
Inc., Voice of America and Friends of Robert Namer as defendants
and including them as judgment debtors.   The defendants appealed
the judgment to the U.S. Fifth Circuit Court of Appeals, which
affirmed the district court.   *FTC v. National Business Consultants, Inc.*, 376
F.3d 317 (5th Cir. 2004).   The defendants then filed a petition for
writ of certiorari before the U.S. Supreme Court, which was denied.
*Namer v. FTC*, --- S.Ct. ----, 2005 WL 516986 (Mar. 07, 2005).

The judgment debtors have avoided making payments on the
judgment debt.   Only $138,536.61[1] has been paid toward satisfaction
of the judgment.   As a result, the FTC filed applications for writs
of continuing garnishment under 28 U.S.C. § 3205, against CopyTek-
tronincs, Inc.   In addition, upon information and belief, each of
the judgment debtors is under the control of judgment debtor Robert
Namer and is inextricably intertwined.   Therefore, in accordance
with 28 U.S.C. § 3202(c), the FTC provided notice of the writ of
garnishment to each of the judgment debtors.

The judgment debtors have now filed a request for hearing and
a claim of exemption.   They have also filed a "Supplemental Support

---

[1]   An additional $1,613.18 has been collected, as stated in
the Application for Writ of Continuing Garnishment, since the
judgment was referred to the U.S. Attorney's Office for enforced
collection.

Ducument [sic] to Notice of Garnishment" in which they raise issues that are not relevant to this proceeding.

## LAW AND ARGUMENT

Under FDCPA, a judgment debtor may request a hearing in a judgment enforcement proceeding, like the garnishment at issue here. The district court must then conduct a hearing. The issues at that hearing, however, are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements. *See* 28 U.S.C. § 3202(d).[2/]  Moreover, the party claiming that its property is exempt from seizure in a federal debt collection action bears the burden of proving that he is entitled to an exemption. *See* 28 U.S.C. § 3014(b)(2); *United States v. Sawaf*, 74 F.3d 119, 121 (6th Cir. 1996).

The judgment debtors do not contest the FTC's compliance with the FDCPA's statutory requirements. However, the corporate judgment debtors, National Business Consultant, Inc., Namer, Inc., Voice of America, Inc., and America First Communications, Inc., make a number of frivolous exemption claims under Louisiana state law. They each claim an exemption for wages, tools of the trade and "office goods." None of these exemptions is applicable here.

First, the FTC is not seeking to seize the judgment debtors' office goods, disposable earnings or tools of the trade. As noted

---

[2/]  The statute provides an additional issue if the judgment was obtained by default. As noted above, this provision is inapplicable here. Neither the original judgment nor the amended judgment was entered by default.

- 4 -

in Voice of America, Inc.'s "Supplemental Support Ducument [sic]

to Notice of Garnishment," CopyTek-tronics, Inc. (CTT), Voice of

America, Inc. (VOA) had a contract for services . . . ."

Second, these exemptions do not apply to corporate debtors.

Louisiana Revised Statute 13:3881 contains a list of property which

is exempt from seizure.  One of these exemptions, the "tools of the

trade" exemption, exempts from seizure "[t]hat property necessary

to the exercise of a trade, calling, or profession by which [the

debtor] earns his livelihood . . . ."  La.R.S. 13:3881(2).  "As

explained in *Ringham v. Computerage of New Orleans, Inc.*, 539 So.2d 864, 866

(La. App. 4th Cir. 1989), '[t]his exemption applies to a natural

person, not a legal one, such as a corporation.'"  *Teche Elec. Supply, Inc.*

*v. D.W. William, Inc.*, 780 So.2d 474, 477 (La. App. 3d Cir. 2001). *See also*

*In re Black*, 225 B.R. 610, 615-616 (Bankr. M.D. La. 1998) ("It is clear

that a corporation or partnership is ineligible to claim the 'tools

of trade' exemption.").

The corporate judgment debtors also claim an exemption for

"office goods."  The only exemptions under Louisiana law are found

in La.R.S. 13:3881, which does not include "office goods" among

those items that are exempt from seizure.  Although Louisiana

courts liberally construe exemption statutes, these statutes must

be strictly construed.  *In re Black*, 225 B.R. at 614 (citing *A. Wilbert's*

*Sons Lumber & Shingle Co. v. Ricard*, 167 La. 416, 119 So. 411 (1928); *In re*

*Brown*, 189 B.R. 653, 661 (Bankr. M.D. La. 1995)).  "Moreover,

exemption laws should be construed as written, without adding to them because they are public policy laws, or restricting their application as in derogation of common right." *In re Black*, 225 B.R. at 614 (citing *Rynella Mill & Mercantile Co. v. Segura*, 128 La. 643, 55 So. 2 (1911); *In re Brown*, 189 B.R. 653, 660 (Bankr. M.D. La. 1995)).

The corporate debtors attempt to alter the personal household items exemption to make is applicable to them.   The exemption exempts:

> (a)  The clothing, bedding, linen, chinaware, nonsterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooling equipment, one noncommercial sewing machine, equipment for required therapy, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers, electric or otherwise, used by him or a member of his family.

LA R.S. 13:3881(4).   This exemption is only applicable to an individual debtor or his family.   *See In re Black*, 225 B.R. at 615 (citing *In re Mmahat*, 110 B.R. 236 (Bankr. E.D. La. 1990)).   It would be a stretch of the meaning of the statute to construe it to include office equipment used by a corporation.

In addition, the judgment debtors claim an exemption for 75% of their wages.   Corporate earnings are not wages.

Robert Namer, individually, also makes the frivolous claim that the funds subject to the garnishment are exempt from seizure because they are: the homestead exemption, wages, tools of the trade, a motor vehicle, a personal servitude and usufruct under

- 6 -

Civil Code Art. 223, clothing and personal household items, family portraits, military firearms, wedding or engagement rings and insurance proceeds.  As noted above, it is Mr. Namer's burden to prove that he is entitled to these exemptions.  *See* 28 U.S.C. § 3014(b)(2); *United States v. Sawaf*, 74 F.3d at 121.  However, it is obvious that he will not be able to do so.  As he acknowledges in the "Supplemental Support Ducument [sic] to Notice of Garnishment," the funds subject to the garnishment do not fall into any the exemptions he has raised:  "I don't make regular wages for my services - they are fees. . . .  In the case of CopyTek-tronics, Inc. (CTT), Voice of America, Inc. (VOA) had a contract for services . . . .".

Additionally, the judgment debtors attempt to raise a number of issues that are not included in those listed in 28 U.S.C. § 3202(d).  As such, they are beyond the scope of the hearing provided by the FDCPA and should not be considered.  However, if the court should find it necessary to consider these unsubstantiated allegations, the FTC has provided an explanation of the funds it has received.  Contrary to the judgment debtors' assertions the FTC only received $138,536.61.

First National Bank of Jefferson ("FNJ") held the mortgages on most of the real property owned by Robert Namer.  By the time the litigation was completed, Robert Namer owed FNJ far more than the properties were worth.  FNJ foreclosed on everything, and paid the FTC the very modest sum of $500 each for five pieces of property to

- 7 -

obtain clear title, for a total of $2500.  There were also a number

of federal tax liens filed against Robert Namer and/or National

Business Consultants, Inc. that were paid out of the proceeds of

the vehicle sales.  Set forth below is a list of the origin of all

the money the FTC received:

| | | |
|---|---|---|
| 8/05/93 | First National Bank of Jefferson (waiver of right of redemption on two properties) | $1,000.00 |
| 8/17/93 | First National Bank of Jefferson (waiver of right of redemption on one property) | $500.00 |
| 9/09/93 | First National Bank of Jefferson (waiver of right of redemption on one property) | $500.00 |
| 10/13/93 | First National Bank of Commerce (repayment due to violation of asset freeze) | $1,000.00 |
| 10/13/93 | McGlinchey Stafford law firm (repayment due to violation of asset freeze) | $47,822.48 |
| 11/30/93 | First National Bank of Jefferson (waiver of right of redemption on one property) | $500.00 |
| 11/15/94 | Estate of Robert Namer, Debtor (from bankruptcy trustee) | $38,904.10 |
| 1/29/96 | Deposit Guaranty National Bank | $193.72 |
| 1/29/96 | Hampshire House Auctions (sale of guns) | $558.62 |
| 02/05/96 | Whitney National Bank (bank account) | $25,714.07 |
| 02/05/96 | Omni Bank (bank account) | $333.18 |
| 05/06/97 | First National Bank of Commerce (bank account) | $11,946.81 |

| 12/16/97 | Nations Bank (bank account) | $9,563.63 |
|----------|-----------|-----------|

TOTAL $138,536.61

## CONCLUSION

For the foregoing reasons, the judgment debtors' objection to the writ of garnishment should be overruled.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

ENEID A. FRANCIS
Assistant United States Attorney
Bar Roll No. 5816
Hale Boggs Federal Building
500 Poydras Street, Room B210
New Orleans, LA   70130
Telephone:   (504) 680-3060

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first-class mail, postage, prepaid on this **29th** day of **March**, 2005, upon the following:

Robert Namer, 3313 Kingman Street, Metairie, LA  70006, Individually and as president of Voice of America, Inc. and National Business Consultants, Inc. and as the representative of Friends of Robert Namer

Barbara Namer, 3313 Kingman Street, Metairie, LA 70006 As secretary of Namer, Inc. and America First Communications, Inc.

- 9 -

CopyTek-tronics, Inc., through its business consultant
Darryl Reaves, 1485 Livingston Lane, Jackson, MS 39213

ENEID A. FRANCIS
Assistant United States Attorney