U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED MAY 3 1 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | * | CIVIL ACTION |
| v. | * | NO. 89-1740 |
| NATIONAL BUSINESS CONSULTANTS, ET AL, | * | SECTION: "M" |
| | * * * | |

## APPLICATION FOR WRIT OF EXECUTION

The Federal Trade Commission makes application pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3203(c)(1), to the Clerk of the United States District Court to issue a Writ of Execution stating as follows:

1. Judgment debtor, Robert Namer, whose last known address is 3313 Kingman Street, Metairie, LA 70006, is indebted to the Federal Trade Commission in the principal amount of $3,019,377.00, as a result of a Judgment entered in the Eastern District of Louisiana in favor of the Federal Trade Commission on November 8, 1991, as amended by an Amended Judgment entered on April 8, 2003, in favor of the Federal Trade Commission, and against National Business Consultants, Inc., Robert Namer, Namer, Inc., America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer, jointly and severally, in the sum of $3,019,377.00.

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

Costs and post-judgment interest were not assessed and, therefore, no costs or interest are due. Only $140,149.79 has been paid toward satisfaction of the judgment, leaving a total balance due of $2,879,227.21. The judgment debtors have failed to satisfy the debt.

There is or may be property that judgment debtor Robert Namer is believed to own, or is in his possession, custody, or control, in which Robert Namer has a substantial non-exempt interest that may be levied upon for payment of the above judgment, specifically:

> **2000 Hurricane 34H Ford, Vehicle Identification Number 3FCMF5383XJA31455, Louisiana License Plate No. N051796, and any all contents located therein.**

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
ENEID A. FRANCIS
Assistant United States Attorney
Bar Roll No. 5816
500 Poydras Street, Room B210
Hale Boggs Federal Building
New Orleans, LA   70130
Telephone:  (504) 680-3060

      UNITED STATES DISTRICT COURT
      EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | CIVIL ACTION |
| v. | * | NO. 89-1740 |
| **NATIONAL BUSINESS CONSULTANTS,** **ET AL,** | * | SECTION: "M" |
| | *   *   * | |

### CLERK'S NOTICE OF POST-JUDGMENT EXECUTION

  YOU ARE HEREBY NOTIFIED that the following property is being taken by the Federal Trade Commission, which obtained a Judgment in the United States District Court, Eastern District of Louisiana, Civil Docket Number 89-1740, entered on November 8, 1991, in favor of the Federal Trade Commission and against National Business Consultants, Inc. and Robert Namer in the amount of $3,019,377.00, as amended by an Amended Judgment entered on April 8, 2003, in favor of the Federal Trade Commission, and against National Business Consultants, Inc., Robert Namer, Namer, Inc., America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer, jointly and severally, in the sum of $3,019,377.00. Costs and post-judgment interest were not assessed and, therefore,

no costs or interest are due. The balance of $2,879,227.21 remains outstanding. The property being seized is:

> **2000 Hurricane 34H Ford, Vehicle Identification Number 3FCMF5383XJA31455, Louisiana License Plate No. N051796, and any all contents located therein.**

YOU ARE FURTHER NOTIFIED that there are exemptions under the law which may protect some of the property from being taken by the Federal Trade Commission if you can show that the exemptions apply. Attached is a Claim for Exemption Form which lists a summary of the major exemptions which apply in most situations in the State of Louisiana. If you are Robert Namer, you have a right to ask the court to return your property to you if you think you do not owe the judgment debt to the Federal Trade Commission, or you think that the property the Federal Trade Commission is taking qualifies under one of the exemptions referred to above.

If you want a hearing, you must notify the court within 20 days after receipt of the notice. Your request must be in writing. If you wish, you may use this notice to request the hearing by checking the box below. The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible. If you do not request a hearing within 20 days of receiving this notice, the seizure will become effective.

You must either mail or deliver your written request in person to the Clerk, United States District Court, 500 Poydras Street, New Orleans, LA 70130. A copy of your request must also be sent to the

United States Attorney's Office, Financial Litigation Unit, Hale Boggs Federal Building, 500 Poydras Magazine Street, Room B210, New Orleans, LA 70130, so the Federal Trade Commission will know you want a hearing. At the hearing you may explain to the judge why you think you do not owe the debt to the Federal Trade Commission.

If you think you live outside the federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to take your property be transferred by the court to the federal judicial district in which you reside. You must make your request in writing, and either mail or deliver it in person to the Clerk, United States District Court, 500 Poydras Street, New Orleans, LA 70130. A copy of your request must also be sent to the United States Attorney's Office, Financial Litigation Unit, Hale Boggs Federal Building, 500 Poydras Street, New Orleans, LA 70130, so the Federal Trade Commission will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of the Court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

CLERK, U. S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | **CIVIL ACTION** |
| v. | * | NO. 89-1740 |
| **NATIONAL BUSINESS CONSULTANTS,** | * | SECTION: "M" |
| **ET AL,** | | |
| | *   *   * | |

**REQUEST FOR HEARING**

I request a hearing because:

_____    I disagree with the reason that the Federal Trade Commission gives for taking my property.

_____    I do not owe the money to the Federal Trade Commission as it says I do.

_____    The property that the Federal Trade Commission is taking is exempt. The Claim for Exemption Form indicating my exemptions is attached.

_____
Defendant's Name (printed or typed)

_____
Defendant's Signature

Address: _____

_____

Telephone: _____

Date: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | * | CIVIL ACTION |
| v. | * | NO. 89-1740 |
| NATIONAL BUSINESS CONSULTANTS, ET AL, | * | SECTION: "M" |
| | * * * | |

## EXEMPTIONS UNDER FEDERAL AND STATE LAW

### MAJOR EXEMPTIONS UNDER FEDERAL LAW

The exemptions from seizure listed below may apply in this case:

1. Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

2. Veterans' benefits (38 U.S.C. § 3101).

2a. Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

3. Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

4. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

5. Longshoremen and Harborworkers Compensation Act (33 U.S.C. § 916).
6. Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

6a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. §§ 1108-1109(a-c)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

6b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

7. Compensation for war risk hazards (42 U.S.C. § 1717).

### **BANKRUPTCY CODE EXEMPTIONS**

8. Optional Federal Exemptions. You can claim items 8.(a) through XX(l) <u>or</u> you can claim exemptions under your state law.

    (a) _____ $18,450 of equity in your residence.

    (b) _____ $2,950 of equity in a motor vehicle.

    (c) _____ Jewelry worth up to $1,225.

    (d) _____ Personal property worth up to $9,850. (However, no single item worth more than $475 can be claimed as exempt.)

    (e) _____ Property totaling up to $975 in value, plus up to $9,250 of any unused amount of the exemption provided in number 11(a) above.

    (f) _____ $1,850 of equity in professional books, implements or tools, of your trade or your dependant's trade.

    (g) _____ Any unmatured life insurance contract you own, other than credit life insurance.

    (h) _____ The aggregate value, up to $9,850, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

(i) _____   Professionally prescribed health aids for you or your dependants.

(j) _____   Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k) _____   A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

(l) _____   Your right to receive, or property that is traceable to,
  - an award under a crime victim's reparation law;
  - a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
  - a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
  - a payment, not to exceed $18,450, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
  - a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent

        reasonably necessary for your support or the support of your dependants.

### MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:**    If the debtor elects the exemptions available under state law, the law of the state where the debtor has been domiciled for at least 180 days governs the debtor's rights.

9. \_\_\_\_\_    Homestead exemption not to exceed 160 acres; up to $15,000 (La. R.S. 20:1)

10. \_\_\_\_\_    General exemption from seizure (La. R.S. 13:3881): 75% of disposable earnings for any week but not less than 30 times the federal minimum hourly wage in effect

    \_\_\_\_\_    Tools, instruments and books necessary for trade, profession or livelihood

    \_\_\_\_\_    One pickup truck with gross weight of less than 3 tons or one motor vehicle without luxury characteristics

    \_\_\_\_\_    One utility trailer

    \_\_\_\_\_    Personal servitude of habitation and the usufruct under Art. 223 of the Louisiana Civil Code

    \_\_\_\_\_    Clothing and certain household goods

    \_\_\_\_\_    Family portraits

    \_\_\_\_\_    Certain military firearms

    \_\_\_\_\_    Musical instruments

    \_\_\_\_\_    Certain livestock used by the family

    \_\_\_\_\_    Wedding or engagement rings not exceeding $5,000

11. \_\_\_\_\_    Certain pensions, annuities, and gratuity payment by employer (LA R.S. 20:33)

12. \_\_\_\_\_    Teacher's pension, annuity, or retirement allowance (LA R.S. 17:573)

13. \_\_\_\_\_  Insurance proceeds, endowments and annuities
             (LA R.S. 22:646, 647, 649)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | **CIVIL ACTION** |
| v. | * | NO. 89-1740 |
| **NATIONAL BUSINESS CONSULTANTS,** | * | SECTION: "M" |
| **ET AL,** | | |
| | * * * | |

## WRIT OF EXECUTION

**TO THE UNITED STATES MARSHAL:**

On November 8, 1991, this Court entered a judgment in favor of the Federal Trade Commission against National Business Consultants, Inc. and Robert Namer in the principal amount of $3,019,377.00. No costs or interest were assessed in the original judgment. On April 8, 2003, this Court issued an order joining Namer, Inc., America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer as judgment debtors. The Court also entered an Amended Judgment in favor of the Federal Trade Commission, and against National Business Consultants, Inc., Robert Namer, Namer, Inc., America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer, jointly and severally,

in the sum of $3,019,377.00. No costs or interest were assessed in the amended judgment. The sum remaining due is $2,879,227.21.

NOW, THEREFORE, YOU ARE HEREBY COMMANDED to satisfy the judgment debt by levying on and selling all property in which defendant, Robert Namer, whose last known address is 3313 Kingman Street, Metairie, LA 70006, has a substantial nonexempt interest, and by executing upon the property described below:

> **2000 Hurricane 34H Ford, Vehicle Identification Number 3FCMF5383XJA31455, Louisiana License Plate No. N051796, and any all contents located therein.**

YOU ARE ALSO COMMANDED to collect your costs and expenses and make return of this writ within 90 days after the date of issuance if levy is not made.

YOU ARE FURTHER COMMANDED that the levy shall not exceed property reasonably equivalent in value to the aggregate amount of the judgment and costs.

_____, Clerk

BY: _____
         Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | * | CIVIL ACTION |
| v. | * | NO. 89-1740 |
| NATIONAL BUSINESS CONSULTANTS, ET AL, | * | SECTION: "M" |
| | * * * | |

## RETURN

| DATE RECEIVED | TIME RECEIVED | |
|---|---|---|
| | | |

| DATE OF LEVY | PROPERTY SEIZED PURSUANT TO LEVY |
|---|---|
| | 2000 Hurricane 34H Ford, Vehicle Identification Number 3FCMF5383XJA31455, Louisiana License Plate No. N051796, and any all contents located therein. |
| | FEES, COSTS AND EXPENSES |

The writ was received and executed

| U.S. MARSHAL | (BY) DEPUTY U.S. MARSHAL |
|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | CIVIL ACTION |
| v. | * | NO. 89-1740 |
| **NATIONAL BUSINESS CONSULTANTS, ET AL,** | * | SECTION: "M" |
| | * * * | |

## NOTICE OF LEVY

TO THE ABOVE-NAMED DEFENDANT AND ALL OTHER PERSONS INTERESTED:

TAKE NOTICE that on _____ day of _____, 2005, by virtue of an Execution issued by the above-named court in the above-entitled action on _____, I have levied upon the following described property located in the Parish of _____, State of Louisiana, and all the right, title, and interest of said defendant therein, to wit:

> 2000 Hurricane 34H Ford, Vehicle Identification Number 3FCMF5383XJA31455, Louisiana License Plate No. N051796, and any all contents located therein.

THAT THE PARTIES to the action are the Federal Trade Commission, plaintiff, and Robert Namer, defendant. The amount of $3,019,377.00, the plaintiff's claim and demand, as stated in the

said Execution, is a result of a Judgment entered in the Eastern District of Louisiana, Civil Docket Number 89-1740, entered on November 8, 1991, in favor of the Federal Trade Commission against National Business Consultants, Inc. and Robert Namer in the amount of $3,019,377.00, as amended by an Amended Judgment entered on April 8, 2003 in favor of the Federal Trade Commission, and against National Business Consultants, Inc., Robert Namer, Namer, Inc., America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer, jointly and severally, in the sum of $3,019,377.00.  No costs or interest were assessed.  The sum of $140,149.79 has been paid toward satisfaction of the judgment, which has been credited to the debt, leaving a total balance due of $2,879,227.21.

UNITED STATES MARSHAL
EASTERN DISTRICT OF LOUISIANA

BY: _____
Deputy United States Marshal