U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 23  PM 12: 14

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

## ORDER

NAMER'S MOTION TO VACATE THE ORDER TO APPOINT RECEIVER AND/OR FOR A HEARING TO ASSERT EXEMPTIONS (Rec. doc. 931)

**DENIED IN PART AND RESET FOR SUBMISSION IN PART**

On June 28, 2005, the defendant, Robert Namer ("Namer"), filed a motion to vacate the order to appoint receiver and/or for a hearing to assert exemptions, rec. doc. 931, and a hearing was held on July 6, 2005. Rec. docs. 933 and 937. In connection with the hearing, Namer submitted a supplemental memorandum and a list of his alleged personal exemptions. Rec. doc. 950. After the hearing, Namer and the Receiver submitted letters, which were treated as supplemental memoranda and filed in the record. Rec. doc. 941. His request for an order vacating the order appointing a receiver was denied. Rec. doc. 961.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

The July 8, 2005 order did not cover each of the items on Namer's list of alleged personal exemptions. To that extent his motion to assert personal exemptions was submitted on briefs. Rec. doc. 944 at p. 4. He submitted additional support for the claimed exemptions, including: (a) a second mortgage on house; (b) a statement on debt owed on motor home; (c) a bill for laptop; and (d) a bill for Dell computers. Rec. doc. 959. The Receiver submitted a reply. Rec. doc. 962. The motion to assert personal exemptions will be addressed in the order in which they appear in Namer's supplemental memorandum. Rec. doc. 950.

A.  Exempt Income.

Namer contends his self-employment income is exempt. Although the undersigned expressed the view that if a court was squarely confronted with a claim of exemption by a self-employed person that it would find the exemption applicable (Rec. doc. 887 at 9), Namer has not presented a sufficient basis for making such a determination. He has not presented any evidence that the FTC has sought to seize funds that were lent or given to him, and money saved from exempt earnings is not exempt. See In re Sinclair, 2005 WL 1669012, *5 (5th Cir. 2005) (the disposable earnings exemption does not protect wages once they have been paid). Namer has not presented sufficient evidence that the $540 seized from a desk at Kingman Street is exempt.

The request that item nos. 1-7 under exempt income be classified as exempt from seizure under Louisiana law is denied.

B.  Homestead Exemption.

The FTC has not seized Namer's home. There is no basis to assert a claim for an exemption at this time.

C.      Automobile.

The Lincoln Town Car was the subject of prior rulings by the Court. No further action is required. The 2000 Hurricane Motor Home is not exempt.

D.      Home Furnishings.

The FTC has not seized the contents of Namer's home. There is no basis to assert a claim for an exemption as to the contents at this time.

E.      Personal Belongings.

The list of personal belongings is insufficient. With the exception of the shotgun, it is not clear where the items are located.[1] A valuation was not placed on the shotgun, so it is not possible to determine whether it is exempt pursuant to La. Rev. Stat. Ann. § 13:3881A(2)(f).

F.      Safety Deposit Items.

The contents of the Horizon safe deposit box were inventoried at the request of the FTC. Rec. doc. 888. Namer contends that the entire contents of the box are exempt. In connection with this order, copies of the *in camera* inventory will be sent to Namer and the FTC. By Tuesday, September 6, 2005, Namer shall file a supplemental memorandum that addresses each item in the inventory that he contends is exempt from seizure. The memorandum may not use catch-all terms like "any and all." By Thursday, September 15, 2005, the FTC shall respond and state why it contends that the items are not exempt from seizure. The FTC shall also describe the procedure,

---

[1] A procedure has been established for the Receiver to allow Namer to take religious articles from Kingman Street that the Receiver determines are of de minimis value. After the Receiver completes his review of the files in the locked file cabinets, a further conference will be scheduled and the status of the receivership will be reviewed and a determination will be made whether the Receiver can release additional items of de minimis value to Namer.

including the time line, for liquidating the items that it contends are not exempt from seizure. By Tuesday, September 20, 2005, Namer may reply. On Wednesday, September 21, Namer's motion to claim exemptions (Rec. doc. 931) as to the contents of the Horizon safe deposit box shall be set for submission.

G.   <u>Legal Files, Business Files and Privileged Information</u>.

Namer has not demonstrated that these files do not contain information pertinent to the affairs of the corporations. The court is without the capacity to review each document that Namer contends is exempt from seizure. The appointment of the Receiver for the corporations is a sufficient basis for the Receiver to undertake the examination of the files at Kingman Street and determine what portion of the files, if any, is required for the discharge of his responsibilities as Receiver for the corporations. A procedure has been established in a separate order for the parties, and, if necessary the Court, to determine whether any of the files are purely personal and thereby segregate them from personal financial files and corporate files.

H.   <u>Property Necessary for the Exercise of a Trade, Calling, or Profession</u>.

Namer has not demonstrated that the items described in this category are exempt. In an effort to resolve some of these issues, Namer was authorized on a least two occasions to download files that he contended he required in order to conduct his business. Rec. doc. 933 and 944. The Receiver was prepared to allow Namer to download the files on July 29, 2005 following Melanie Tiblier's deposition, but Namer left Kingman Street before doing so. Additionally, Namer contends that a laptop belongs to Copytek. The documentation that demonstrates that Copytek purchased a laptop does not include serial number and therefore it is not possible to make a definitive connection to the laptop at Kingman Street.

IT IS ORDERED that Namer's motion to vacate the order to appoint receiver and for a hearing to assert exemption (Rec. doc. 931) is DENIED in PART and RESET FOR SUBMISSION as follows:

1. Namer's motion for a declaration that property described in his list of personal exemptions be declared exempt (Rec. docs. 931 and 950) is DENIED except for the contents of the Horizon safe deposit box.

2. Namer's request that the contents of the Horizon safe deposit box be declared exempt is RESET FOR SUBMISSION on Wednesday, September 21, 2005, on briefs and without oral argument in accord with the terms of this order.

New Orleans, Louisiana, this 23rd day of August, 2005.

SALLY SHUSHAN
United States Magistrate Judge