

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

## ORDER

NAMER'S MOTION TO DISMISS ON BASIS OF ACCORD AND SATISFACTION AND STAY OF ALL PROCEEDINGS (Rec. doc. 938)

**DENIED**

CORPORATIONS' MOTION FOR AN ACCOUNTING, ALTERNATIVELY TO DISMISS (Rec. doc. 949)

**DENIED**

MOTION TO RECONSIDER PART OF JULY 15, 2005 MAGISTRATE JUDGE ORDER[1]

**DENIED**

On July 6, 2005, there was hearing on the motion of Robert Namer ("Namer") to assert personal exemptions. Rec. doc. 937. At the hearing, Namer presented a motion to dismiss on the

---

[1] At the time of the preparation of this minute entry the Clerk had not assigned a document number to this motion.

basis of satisfaction and accord. Id. On July 8, 2005, the motion was set for submission. Rec. doc. 942. On July 13, 2005, Namer, Inc., Voice of America, Inc. and America First Communications, Inc.(sometimes collectively referred to as the ("Corporations"), filed a motion for an accounting, alternatively to dismiss. Rec. doc. 949. On July 15, 2005, the two motions were set for submission on August 3, 2005 without oral argument. Rec. doc. 958. On July 19, 2005, Namer filed a request for reconsideration of the July 15, 2005 order and sought oral argument on his motion to dismiss. The Receiver filed an objection to the request and Namer filed a reply. Rec. docs. 963 and 985.

Namer contends that a hearing is required to permit the presentation of evidence, including testimony from a representative of the FTC, and oral argument. The court's review of the two motions and the memoranda submitted by the parties does not demonstrate that a hearing is required to resolve the motions. Namer's request for a hearing is denied.

Namer contends that the FTC's judgment against him should be dismissed because it is fully satisfied. He alleges that in 1989 and 1991 assets with a value of approximately $1.9 million that belonged to him or National Business Consultants, Inc. were seized by the FTC. He urges that the FTC sold these assets for much less than their "true" value. Rec. doc. 938, schedule A. He contends that he should not be held responsible for the fact that the FTC realized less on the sale than the alleged "true" value of the assets. He argues that the "true" value of the assets at the time of seizure should be credited against the judgment.

Namer contends that at the time of the appointment of the Receiver in June 2005, the Namer corporations were valued as follows: (1) Namer, Inc. - $750,000; (2) American First Communications, Inc. - $2,500,000; (3) Voice of America, Inc. - $5,000,000. He argues that the

appointment of the Receiver shifted the burden to the FTC to demonstrate that the judgment was not satisfied. He urges that the assigned values must be credited in satisfaction of the judgment rather than what the Receiver is able to realize through a sale of the assets of the corporations

In addition to the arguments made by Namer, the Corporations contend they are entitled to an accounting to determine the size of the remaining debt owed by all judgment debtors.

The FTC submitted an opposition, which cites the elements for an accord and satisfaction and demonstrates that the burden rests on the judgment debtors to establish these elements. Rec. doc. 977 at pp. 2-3. The FTC properly describes Namer as contending that a seizure satisfies the judgment. The court agrees that a judgment is not satisfied until assets are sold in an amount sufficient to pay the debt. Rec. doc. 977 at pp. 4-5 and the authorities cited therein. Namer has not cited any authority that a judgment debtor controls how a judgment will be satisfied.

The FTC submitted an affidavit by Janice Charter, an attorney for the FTC, that provides an accounting of the total amount of the judgment, including costs, attorneys' fees and prejudgment interest. Ms. Charter also provided an accounting of the amounts received prior to 2004. For example, she explains that the bankruptcy trustee in Namer's Chapter Seven bankruptcy filing collected assets that Namer now contends should be applied in satisfaction of the FTC's judgment. The FTC, however, only received about $39,000 from the bankruptcy trustee after payments to other creditors as provided by the bankruptcy laws and rules. Rec. doc. 977, exhibit 1 at pp. 3-4.

IT IS ORDERED as follows:

1. Namer's motion to reconsider part of July 15, 2005 Magistrate Judge Order setting motions to dismiss for submission without oral argument is DENIED.

3

2. Namer's motion to dismiss on basis of satisfaction and accord (Rec. doc. 938) is DENIED.

3. The motion of Namer, Inc., Voice of America, Inc. and America First Communications, Inc. for accounting, alternatively to dismiss (Rec. doc. 949) is DENIED.

New Orleans, Louisiana, this 24th day of August, 2005.

SALLY SHUSHAN
**United States Magistrate Judge**