

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

## ORDER

NAMER'S MOTION TO REMOVE ATTORNEY FOR RECEIVER[1]

**DENIED**

On June 21, 2005, the District Court appointed Emile L. Turner, Jr., as attorney for the Receiver. Rec. doc. 891. Namer seeks an order removing Mr. Turner as the Receiver's attorney. The undersigned is without authority to vacate an order signed by the District Court. For this reason Namer's motion seeking Mr. Turner's removal must be denied.

Reviewing the merits of his claim, however,[2] Namer contends that the relief is warranted because: (1) there is a conflict of interest; (2) Mr. Tuner's action destroyed value in Namer's co-

---

[1] At the time of the preparation of this minute entry the Clerk had not assigned a document number to this motion.

[2] For purposes of possible issuance of a report and recommendation.



judgment debtors, Namer, Inc., Voice of America, Inc. and America First Communications, Inc. (sometimes referred to as the "corporations"); and (3) Mr. Turner has violated his fiduciary duties to the corporations.[3]

The District Court appointed the Receiver to assume control, manage and investigate the financial affairs of the corporations. Rec. doc. 907. The Receiver is charged with the responsibility of selling the assets of the corporations. Rec. doc. 894. The Receiver moved to have the District Court appoint Mr. Turner as his attorney. Rec. doc. 891. Mr. Turner's client is the Receiver. There is no evidence in the record that Mr. Turner has represented anyone else in this proceeding. There is no basis to contend that Mr. Turner has a conflict of interest.

The court acknowledges that Namer is affected by what happens to the corporations. Namer's ability to operate the corporations as going concerns was frustrated by the appointment of the Receiver. This was the inevitable result of the judgment of the Fifth Circuit affirming the District Court's decision adding the corporations as co-judgment debtors.[4] Rec. doc. 859. The fact that Mr. Turner represents the Receiver in connection with the discharge of his Court appointed duties does not create a basis for removing him as attorney for the Receiver.

Namer contends that Turner owed a fiduciary duty to the corporations and that he violated his fiduciary duty to protect their assets by not determining that they were mistakenly added as co-judgment debtors. This is an attempt to revisit the District Court's decision, which was affirmed by

---

[3] Namer contends that there is additional evidence at the Kingman Street location that he requires. His access to that property has been very limited until the Receiver completes his review of the corporate files.

[4] Namer's writ of certiorari to the United States Supreme Court was denied On March 15, 2005. Rec. doc. 871.

the Fifth Circuit. Namer's motion to remove Mr. Turner as attorney for the Receiver is without merit.

IT IS ORDERED that Namer's motion to remove attorney for the Receiver is DENIED.

New Orleans, Louisiana, this 24th day of August, 2005.

_____
SALLY SHUSHAN
United States Magistrate Judge