

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 26  AM 10: 27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

### ORDER

NAMER'S MOTION FOR EXPEDITED HEARING[1]

**GRANTED**

NAMER'S MOTION FOR STAY OF SEIZURE AND ACCESS TO ALL FILES AND TAPES

**DENIED**

Namer's request for expedited consideration of his motion for stay of seizure and sale of assets and access to files and tapes is granted. His request for oral argument on the motion is denied.

Namer seeks an order that would stay any further action by the Receiver or the FTC in furtherance of any sale of assets and would deny the Receiver and the FTC access to files, tapes and other records at the Kingman Street property. In the alternative, Namer requests that the court review

---

[1] At the time of the preparation of this minute entry the Clerk had not assigned document numbers to these motions.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

the files, tapes and records at Kingman Street before they are given to the Receiver or the FTC.

Namer contends that he is entitled to this relief because: (1) he has a core interest in Namer, Inc., Voice of America, Inc. and America First Communications, Inc., co-judgment debtors (sometimes referred to as the corporations); (2) Namer and the corporations have been denied due process because: (a) the Federal Rules of Civil Procedure were not followed in the appointment of the Receiver; (b) the Receiver is acting before Namer's motions are resolved; and (c) the corporations were prohibited from retaining legal counsel; (3) Namer has been denied access to the files at Kingman Street and the tools of his trade; (4) the FTC and Receiver misrepresent the nature of the judgment against him; and (5) the recent theft of a CPU at Kingman Street demonstrates that his interests and those of the corporations are not being protected by the Receiver.

The undersigned previously acknowledged that Namer has an interest in the corporations that is adversely affected by the appointment of the Receiver and his efforts to sell the assets of the corporations. Namer has been notified that this is the inevitable result of the District Court's decision adding the corporations as co-judgment debtors and the Fifth Circuit's decision affirming that action. Namer's motion to vacate the appointment of the Receiver was denied. All of the motions identified by Namer, with the exception of his Rule 60 motion to dismiss, were ruled on. The Rule 60 motion to dismiss is set for submission and has been reviewed. It does not provide ground for a stay of these proceedings. Namer's claims for exemptions for the tools of his trade were the subject of rulings.

Robert Harvey appeared for the corporations. Inasmuch as the Receiver assumed control of the corporations in accord with the District Court's order, the Receiver notified Mr. Harvey that his

services were no longer required by the corporations. This issue was discussed at a hearing. Mr. Namer was notified that the <u>shareholders</u> of the corporations could retain Mr. Harvey and take whatever measures they felt were required to protect their interests as <u>shareholders</u> and that were in conformity with law. The shareholders have not sought to appear in this proceeding.

Mr. Namer's access to Kingman has been severely limited since the seizure of that property. The property is not owned by him. It is owned by one of the corporations. Namer and Mr. Harvey reported that the Receiver has taken possession of the all the assets of the corporations of any significance.[2] The court has worked diligently to reach an agreement among the parties whereby the Receiver could complete his review of the files at Kingman and confirm the representation of Mr. Harvey and Namer. The Receiver must have unfettered access to the files in the locked cabinets at Kingman to do so. The court issued an order that balances the limited resources of the Court, the needs of the Receiver, Namer's interest in his purely personal information and his interest in copying the files that the Receiver and the FTC require. Namer reports that this order is unsatisfactory and he intends to appeal. It is his right to do so, but it will delay the Receiver's ability to confirm the representation. Namer's lack of access to the files at Kingman is not a basis for a stay of these proceedings.

Namer contends that the Receiver and the FTC improperly employ the terms "fraud" and "defraud" in connection with the FTC's judgment against Namer. The FTC obtained a final judgment against Namer that has not been satisfied. Alongside these facts, any comments

---

[2] There is a dispute over the ownership of land in St. Tammany Parish that is the subject of Claude C. Lightfoot, Jr., et al v. Miss Lou Properties, Inc., 05-3776-PM-SS.

concerning the original allegations against Namer and the basis for the judgment are have little relevance to the Receiver's conduct in the discharge of his appointment.

Namer contends that his interests are not being protected as demonstrated by the recent break-in at Kingman where a CPU for desktop computer was stolen. Namer reports that since the seizure and before the break-in, he was permitted to copy the information off of this CPU. The loss of the CPU has not adversely affected Namer. There is no evidence that the Receiver was negligent in maintaining the corporations' assets.

IT IS ORDERED as follows:

1. Namer's motion for expedited hearing is GRANTED.

2. Namer's motion for stay of seizure and sale of assets and access to all files and tapes is DENIED.

New Orleans, Louisiana, this 24 day of August, 2005.

_____
SALLY SHUSHAN
**United States Magistrate Judge**

Q:\Motions\89-1740 Namer\89-1740.31.wpd

4