

U.S. DISTRICT COURT
EASTERN DISTRICT - LOUISIANA

FILED | NOV - 1 2005 |

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | * | **CIVIL ACTION** |
| **v.** | * | **NO. 89-1740** |
| **NATIONAL BUSINESS** | * | **SECTION: "M" (1)** |
| **CONSULTANTS, ET AL** | * | |

*     *     *

### FEDERAL TRADE COMMISSION'S
### OPPOSITION TO JUDGMENT DEBTORS'
### <u>RULE 60(b) MOTION TO DISMISS</u>

**MAY IT PLEASE THE COURT:**

### <u>INTRODUCTION</u>

In this Rule 60 Motion to Dismiss, Robert Namer once again seeks to have this court vacate the district court's order appointing Claude C. Lightfoot, Jr. as Receiver of Namer, Inc., America First Communications, Inc. and Voice of America, Inc. He also seeks to have this Court review the order and judgment adding the corporations as judgment debtors. Just as his previous motions lack merit, this motion also lacks merit and should be denied.

____ Fee_____
____ Process_____
_X_/ Dktd_____
__✓__ CtRmDep_____
____ Doc. No_____

## LAW AND ARGUMENT

A.    <u>Namer Has No Standing to Bring this Motion.</u>

First, Namer continues to ignore this Court's previous order (Rec. Doc. 875) in which it ruled that he cannot appear on behalf of Namer, Inc., America First Communications, Inc. and Voice of America, Inc. As the court ruled, "[i]t is well established that a corporation is a fictional legal person that can only be represented by licensed counsel. . . . These corporations are not appearing through licensed counsel." Namer is not licensed counsel. However, he obviously believes that this ruling is not important because he has a "core interest" in these matters because:

1.    the corporations are indebted to him for work he performed on their behalf,[1]

2.    he is a guarantor of many of the corporations' financial and contractual obligations,[2]

3.    the Federal Trade Commission allegedly seized his personal assets, and

4.    as president of the corporations, he is the only legitimate spokesman for the corporations. Motion at 1.

---

[1]    Although Namer contends that the corporations are indebted to him, he has provided no documentation to support these allegations.

[2]    Again, Namer provides no documentation to support this allegation.

Namer cites no law to support his contentions. However, he has no core interest in this litigation other than as a solidary obligor with the corporate debtors. None of his alleged reasons for having a "core interest" in this litigation have any merit.

First, as an alleged creditor of the corporation Namer has no authority to insinuate himself into the business dealings of the corporations. If these corporations owe Namer for his services, then he should submit an invoice for those services to the Receiver.

Second, as an alleged guarantor of the corporations' debt Namer also has no right to be involved in the corporations' business dealings. If at some time in the future, he pays the debt, then he can take whatever action he is legally entitled to take against the principal obligor.

Third, the Receiver has no authority whatsoever over Namer personally. The Receiver's appointment only relates to the corporations. Thus, issues relating to any alleged seizure of Namer's personal assets are irrelevant to the Receiver's appointment.

Fourth, as this Court previously ruled, these corporations may only be represented by licensed counsel.

This motion was filed by Namer, *pro se*. It was not filed by counsel representing the corporate debtors. As such, Namer has no authority to request that the order appointing the Receiver for the

- 3 -

corporations be dismissed.  Thus, there is no need for this Court to proceed any further.  His motion should be denied.

B.    Rule 60 Motion

In the event, however, this Court finds it necessary to address Namer's baseless accusations, the Federal Trade Commission ("FTC") will respond to each individually, but the result should be the same.  The motion should be denied.

Rule 60(b) provides that, on motion, the court may relieve a party from a final judgment or order because of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken

Fed. R. Civ. P. 60(b).

To determine which subsection of Rule 60(b) applies, the court looks to the facts upon which the claim for relief is grounded. *See Lewis v. Alexander*, 987 F.2d 392, 395-96 (6th Cir. 1993).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons

contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d at 396. Namer has not done so.

## I.

Namer contends that the FTC failed to follow 28 U.S.C. § 3205(d) before filing the motion to appoint the Receiver. However, the Receiver was appointed pursuant to 28 U.S.C. § 3203(e). This section contains no requirement that the FTC make a demand upon the debtor before proceeding. As such, Namer is incorrect.

## II.

Namer next contends that the FTC has not made an accounting as required by 28 U.S.C. § 3205(9). Again, this statute is not relevant to the appointment of the Receiver. It relates to garnishments. While the FTC has attempted to garnish Namer's wages in the past, the garnishee has always filed an answer stating that it had no funds in its custody or control that were due to Namer. As such, the garnishment was dismissed. The statute requires the United States to provide an annual accounting to the garnishee and the debtor while the garnishment is in place. Thus, because no funds were garnished, there was no need to provide an accounting of funds garnished to Namer and the garnishee.

- 5 -

III.

The Receiver's appointment is totally unrelated to the writ of garnishment filed by the FTC against CopyTek-tonics, Inc. ("CopyTek")

IV.

Again, Namer contends that the FTC failed to follow some perceived procedural safeguard. He argues that the FTC violated the stay imposed by 28 U.S.C. § 3014 by obtaining the ex parte order appointing the Receiver. The FTC's action, however, did not violate Section 3014(b)(3).

Section 3014 requires the United States to refrain from selling or otherwise disposing of property for which an exemption is claimed until the court determines whether the debtor has an exempt substantial interest in the property. At the time the United States filed the motion asking the district court to appoint the Receiver, the garnishment filed against CopyTek was the only post-judgment proceeding pending. Namer acknowledged that Voice of America, Inc. had an oral contract with CopyTek for Namer's services. However, no funds were due to the corporation at that time. This was the sole issue before the court. Thus, in filing the motion to appoint the Receiver, the FTC took no action interfering with Voice of America's "normal use and enjoyment of an interest in property [it] knows or has reason to know is exempt." 28 U.S.C. § 3014(b)(3). There was no violation of the stay.

## V.

Namer contends that the FTC violated the debtors' due process rights by failing to give the corporations notice of the motion for appointment of the Receiver on May 31, 2005. Contrary to Namer's assertion, the FTC did not have an obligation to advise Namer of the appointment of the Receiver at this time. The Federal Debt Collection and Procedures Act requires that the debtor be given notice "[a]t such time as counsel for the United States considers appropriate, but no later than the time a . . . postjudgment remedy in put into effect . . ." 28 U.S.C. § 3004(c). The FTC complied with this statute. Namer and the corporate debtors subject to the writ of execution were given notice of the Receiver's appointment when the Writs of Execution were executed. This is the time counsel for the FTC deemed appropriate. It was also the time when the postjudgment remedy was put into effect. Further, because the writs of execution and the motion to appoint the Receiver were filed in accordance with the provisions of the Federal Debt Collection and Procedures Act, they did not violate the debtors' rights to due process. *See United States v. Teeven*, 862 F. Supp. 1200, 1223 (D. Del. 1992) ("to the extent that the Defendants are arguing that absent a pre-deprivation hearing the statute is unconstitutional, that argument is rejected.").

## VI.

Namer accuses the FTC of fraud, misrepresentation and misconduct, citing Rule 60(b)(3) of the Federal Rules of Civil Procedure. He alleges that the FTC lulled him and the corporate debtors for six months into believing that they were in honest negotiations for settlement, when the FTC's intention was to seize and sell the judgment debtor's property.

To prevail on a Rule 60(b)(3) motion, Namer must establish "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)). As the moving party, Namer "has the burden of proving the misconduct by clear and convincing evidence." *Id.* (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). He has not done so.

There is no basis for finding misconduct here. There has been no showing by clear and convincing evidence that the corporations were prevented from fully and fairly presenting their contentions and evidence. Namer continues to argue that "[t]he matter of Namer and the corporate debtors' defenses and exemptions were not heard because the FTC plead, and stated that they were not seeking to seize any property." Motion at 6. As the FTC has previously responded, Namer is taking the response of the FTC out of context. Although Namer attempted to expand the matters to be addressed

- 8 -

- 9 -

during the June 1, 2005 hearing, the hearing related solely to the CopyTek garnishment. Only the funds due to Voice of America, Inc. for Namer's services were subject to the garnishment. Neither Namer's personal property nor other corporate property was subject to the garnishment. All of the other issues that Namer wanted the court to consider were not relevant. Thus, the statement by the FTC that it was not seeking to seize any other property was accurate.

It is Namer, not the FTC, who has not acted in good faith here. At Namer's request, counsel for the FTC met with Namer on February 25, 2005 to discuss settlement. When he came to this meeting, however, Namer knew that a few days earlier, on February 15, 2005, he had orchestrated an Act of Sale and Assumption of two collateral chattel mortgage notes in favor of MissLou Properties, L.L.C. of immovable property owned by America First Communications, Inc., specifically the radio tower and land on which the tower sits. Namer came to the meeting knowing that he had taken an action intended to defraud the FTC by stripping America First Communications, Inc. of one of its major assets for the sole purpose of making it unavailable to satisfy the judgment. Although he covered numerous subjects during this meeting, including his concern about having to sign the requested financial statements under oath, a possible move to Houston, TX, and the state of his health, he failed to mention this recent property transaction.

- 9 -

Nothing and no one has prevented Namer or the corporate debtors from fully and fairly presenting their case. Namer has filed baseless motion after baseless motion on his behalf and on behalf of the corporate debtors. The corporations have also been represented by counsel. This Court has given full and fair consideration to each of these baseless motions. The only fraud here was committed by Namer.

## VII.

Namer also contends that he is entitled to relief under Rule 60(b)(5) and Rule 60(b)(6). Neither rule is applicable here.

Under Rule 60(b)(5), a party may be relieved from a final judgment or order if "(1) 'the judgment has been satisfied, released, or discharged;' (2) 'a prior judgment upon which it is based has been reversed or otherwise vacated;' or (3) 'it is no longer equitable that the judgment should have prospective application.'" *In re Celano*, 2000 WL 193068, *2 (E.D. La. Feb. 15, 2000). Namer merely quotes the rule. He has not specified which prong of Rule 60(b)(5) entitles him to relief from this Court's order appointing the Receiver or the amended judgment. He presents no arguments stating why he has met the Rule's requirements. As such, his motion should be denied.

Further, Rule 60(b)(6) is not applicable here. Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "It is a catch-all

provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). In addition, relief under subsection (b)(6) is only appropriate if "extraordinary circumstances are present." *Hesling v. CSX Transp., Inc.*, 396 F.3d at 642.

In addition, the Supreme Court has held that subsection (6) is "mutually exclusive" of subsections (1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"). *See also Hesling v. CSX Transp., Inc.*, 396 F.3d at 643 (The Fifth Circuit "has consistently held that relief under 60(b)(6) is mutually exclusive from relief under sections (1)-(5)."). "The reason for relief set forth under Rule (60)(b) cannot be the reason for relief sought under another subsection of 60(b)." *Hesling v. CSX Transp., Inc.*, 396 F.3d at 643 (citing *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002)).

Namer raises the same argument to support his contention that he is entitled to relief under Rule 69(b)(5) and 60(b)(6). He argues that the seizure of the corporations and the appointment of the Receiver has damaged their equity value and made it impossible to satisfy the judgment through liquidation of the assets. Rule

60(b)(6) is, therefore, inapplicable because Namer makes the same allegations to support his argument for relief under subsection (b)(6) as he does for relief under subsection (b)(5).

Moreover, this clearly inaccurate argument presents no extraordinary circumstances. The seizure of the corporations and the appointment of the Receiver has prevented Namer from taking any further action to transfer other corporate assets and has made them unavailable to pay the judgment. Namer's actions on February 15, 2005 underscore the need for the seizures and the appointment of the receiver. Without the appointment of the Receiver and seizure of the corporations, Namer would undoubtedly have continued to transfer assets to ensure that they could not be liquidated to pay the judgment.

It is Namer's actions, not the appointment of the Receiver and seizure of the corporations, that have "made it impossible to satisfy the judgment through liquidation of the assets." Motion at 8. Since the appointment of the Receiver, Namer has continuously filed baseless motions such as the instant motion to frustrate the Receiver's attempts to comply with this Court's order appointing him as Receiver. It is because of Namer that the Receiver cannot "assume control, manage, and investigate the financial affairs of the judgment debtors and liquidate their assets" as ordered by this Court.

- 12 -

Thus, Namer has not alleged any extraordinary circumstances to warrant relief under Rule 60(b)(6). Therefore, the motion should be denied.

## VIII.

This argument clearly relates to this Court's order and the judgment joining America First Communications, Inc., Voice of America, Inc. and Friends of Robert Namer as judgment debtors. Namer contends that had this Court reviewed the corporate debtors' financial statements and tax returns it would not have found that "Robert Namer used the corporate entities to frustrate the collection of the judgment against him." Motion at 8. He also attaches three documents.

Rule 60(b)(2) provides that a party may be entitled to relief from the entry of final judgment if that party presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A Rule 60(b)(2) motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). The order joining the corporations as judgment debtors in this case was filed on April 8, 2003. The amended judgment was entered on April 8, 2003. Namer filed this motion more than two years later on August 24, 2005, well after the one-year limit had expired. The fact that Namer and the corporate defendants appealed the judgment to the Fifth Circuit and sought a writ of certiorari in the Supreme Court of the United

- 13 -

States does not relieve them from the time bar imposed by Rule 60(b). *See Gulf Coast Bldg. Co. v. International Bhd. of Elec. Workers, No. 480*, 460 F.2d 105, 107 (5th Cir. 1972) (addressing Rule 60(b)(1), which like Rule 60(b)(2), contains a one-year limit). "The expiration of the one year time limit 'is an absolute bar to relief from the judgment.'" *Charvet v. Shalala*, 1994 WL 90500, *1 (E.D. La. March 10, 1994) (quoting *United States of America v. Marin*, 720 F.2d 229, 231 (1st Cir. 1983)). Accordingly, Namer's motion to dismiss based upon Rule 60(b)(2) must be denied.

In addition, the motion should be denied based upon the merits. Relief under Rule 60(b)(2) is an extraordinary remedy that is to be granted only in exceptional circumstances, and "the requirements of the rule must be strictly met." *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273 (1976). "To succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)(citation omitted) If any one of the prerequisites is not satisfied, the movant's Rule 60(b)(2) motion must fail. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (5th Cir. 1999) (citing *In re Wildman*, 859 F.2d 553, 558 (7th Cir. 1988)).

- 14 -

Namer has not established that these exhibits are "newly discovered evidence" within the meaning of Rule 59(e) or 60(b)(2). First, he has failed to demonstrate due diligence in attempting to locate these documents. *See Ag Pro, Inc. v. Sakraida*, 512 F.2d at 143. Second, he has failed to show that this evidence is material and would "produce a new result." *Id.* As such, the motion should be denied based upon Rule 60(b)(2).

## CONCLUSION

For the foregoing reasons, Namer's Rule 60(b) motion should be denied.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

ENEID A. FRANCIS
Assistant United States Attorney
Bar Roll No. 5816
U.S. Attorney's Office
188 E. Capitol Street, Suite 500
Jackson, MS   39201
Telephone:   (601) 965-4480

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by fax and first-class mail, postage prepaid, on this **1st** day of **November**, 2005, upon the following:

Emile L. Turner, Jr.
Law Office of Emile L. Turner, Jr., L.L.C.
424 Gravier Street
New Orleans, LA   70130

Joseph C. Chautin III
Hardy, Carey & Chautin, L.L.P.
110 Veterans Blvd., Suite 300
Metairie, LA   70005

Lance C. Unglesby
Unglesby & Marionneax
246 Napoleon Street
Baton Rouge, LA   70802

Robert Namer
9601 Wildwood Drive
Harahan, LA   70123

ENEID A. FRANCIS
Assistant United States Attorney

- 16 -