FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 12  PM 4: 13

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

### ORDER

RECEIVER'S MOTION TO COMPEL HIBERNIA (Rec. doc. 1020)

**GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**

Before the undersigned is the motion of Claude C. Lightfoot, Jr., Receiver of America First Communications, Inc. ("the Receiver"), to compel a non-party, Hibernia National Bank ("Hibernia"), to: (1) turnover over funds belonging to America First; and (2) produce all banking records and checks for any account in its name. The Receiver demonstrates that he discovered a Hibernia checking account in the name of America First. Hibernia responds that it is the holder of a small business credit in the name of America First in the principal amount of $40,000. It contends that, as security for this loan, America First granted it a continuing security interest in any and all present and future funds on deposit. As a consequence, it argues that it has a lien on any America First funds that primes the FTC's judgment against America First. It urges that the motion to compel must be denied.

___ Fee_____
___ Process_____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No_____

Hibernia submitted documents in support of its position. Attachments to Rec. doc. 1037. The Receiver replies that they are insufficient. He argues there are issues raised by Namer's signature on the documents and whether Namer was authorized by America First to sign the documents. He notes that on August 28, 2002, Namer denied that he was an officer, director or registered agent for America First. He contends that, in the absence of a corporate resolution authorizing Namer's actions, there was no authority to incur the Hibernia debt. Rec. doc. 1039. Namer replies that he was authorized to act on behalf of America First and that this can be demonstrated by the records in Receiver's possession on Kingman Street. Rec. doc. 1044.

The Receiver suggests that in order to resolve the controversy Hibernia should be ordered to disclose and produce: (a) all accounts in the name of America First; (b) all documentation concerning any applications and loans submitted and approved in the names of America First, Voice of America, Inc. and Namer, Inc. After the production of the documents, the Receiver can re-present the issue of whether Hibernia should be required to turnover the funds. It is also necessary that the Receiver make the files at Kingman Street available to Namer, so that he is not denied access to any documents that he contends demonstrate his authority to sign on behalf of America First. Hibernia and other downtown businesses are still coping with the aftermath of Katrina, so Hibernia will not be required to produce the documents until after January 1, 2005.

IT IS ORDERED as follows:

1. The Receiver's motion to compel Hibernia (Rec. doc. 20) is GRANTED in PART and DENIED in PART without prejudice.

2. By Friday, January 13, 2006, Hibernia shall disclose and produce to the Receiver:

    (a) all accounts in the name of America First; and (b) all documentation concerning any applications and loans submitted and approved in the names of America First, Voice of America, Inc. and Namer, Inc.

3. By Wednesday, January 18, 2005, the Receiver shall deliver to Namer copies of all documents received from Hibernia.

New Orleans, Louisiana, this 9th day of December, 2005.

                    **SALLY SHUSHAN**
                 **United States Magistrate Judge**