UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO:  89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

### ORDER

NAMER'S MOTION TO VACATE THE ORDER TO APPOINT RECEIVER AND/OR FOR A HEARING TO ASSERT EXEMPTIONS FOR SAFE DEPOSIT ITEMS (Rec. doc. 931)

**DENIED**

Part of the relief sought by the defendant, Robert Namer ("Namer"), in his motion to vacate the order to appoint receiver and/or for a hearing to assert exemptions related to the contents of a safe deposit box.[1]  Namer made this request in a letter which was filed in the record.  Rec. doc. 950.  He stated that the items in the safe deposit box did not belong to him, but belonged to other members of his family.  Id.  Namer supported this statement with affidavits from family members.  The plaintiff, Federal Trade Commission ("FTC"), contends that he failed to carry his burden to demonstrate the exempt nature of the contents of the safe deposit box.  Some of the prior

---

[1] Namer appears in proper person.

proceedings are pertinent.

In 1989 the FTC brought this proceeding for a permanent injunction against National Business Consultants ("NBC") and Namer to enjoin them from unfair and deceptive trade practices in the sale of alleged franchises under provisions of the Federal Trade Commission Act. The District Court determined that Namer through NBC was conducting a franchise operation and that he violated the FTC's disclosure requirements through misrepresentations and omissions in a number of areas, including, for example, the relationship between NBC and its business and personal references.[2] 1990 WL 32967 (E.D.La.) (Wicker, J.). On November 8, 1991, NBC and Namer were cast in judgment for more than $3 million.

In August, 2002, the FTC sought to conduct a judgment debtor examination. Rec. doc. 830. In September, 2002, the District Court limited access to a safe deposit box at the Horizon Self Storage & Vault Complex in Metairie, Louisiana. There were further proceedings on the judgment debtor examination. In January 2003, the District Court found that Namer violated the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, by purposefully transferring income and assets to Namer, Inc., America First Communications, Inc., Voice of America, Inc. and by incurring debt and making loans to Friends of Robert Namer calculated to hinder, delay and avoid collection of the judgment against him. Rec. doc. 832. These entities were cast as judgment debtors. On June 25, 2004, the Fifth Circuit affirmed this action. It found that the evidence in the record supported the

---

[2] NBC provided the name of American Management Consultant Association ("AMCA") as a reference. The District Court described AMCA as nothing more than a sham corporation used solely as a reference for NBC. The officers and directors of AMCA were NBC personnel and Namer was the chairman of AMCA's board. AMCA's telephone rang at NBC's office. NBC's employees were instructed by Namer to not let callers know that AMCA and NBC were related. 1990 WL 32967, at *4.

finding that transfers were made to the additional entities to frustrate the satisfaction of the judgment. Rec. doc. 859. The Supreme Court denied a petition for a writ of certiorari. Rec. doc. 871.

At the request of the FTC, an in camera inventory was made of the contents of the safe deposit box. Rec. docs. 884 and 888. Namer asserted that the contents were exempt. Rec. docs. 931 and 950. The matter was reset for submission on September 21, 2005. Rec. doc. 999. Because of Hurricane Katrina it remained unresolved. It was reset for submission on April 26, 2006 on briefs and without oral argument. Rec. doc. 1093. Namer was ordered to file a supplemental memorandum that addressed each item in the inventory. The FTC was ordered to respond and describe the procedure for liquidating any items that it contends are not exempt. Id.

The first item from the in camera inventory illustrates the issue before the court. It is described as "[t]wo gold cufflinks with the symbol for doctors and the letters or initials 'M.D.', picture No. 1." Namer submitted an affidavit that these cufflinks belonged to his late father, Dr. Joseph B. Namer, and they are the property of his mother, Patricia T. Namer. Namer denies owning the property. Patricia Namer submitted an affidavit in which she stated that the cufflinks belonged to her late husband and now belong to her. For each item that Namer contends does not belong to him, there is a statement in the affidavits from his mother and wife that the items belong to another member of Namer's family. Rec. doc. 1118.

The FTC responds that the party claiming that property is exempt bears the burden of proving that he is entitled to an exemption. 28 U.S.C. § 3014(b)(2). The FTC does not dispute Namer's assertion that if an item of property does not belong to him, then it is exempt. It contends,

3

however, that Namer has not carried his burden of establishing that any of the items do not belong to him. It describes the affidavits as self-serving. It states that he presented no evidence as to how Patricia Namer became the owner of the cufflinks. It urges that if Patricia Namer acquired the cufflinks by a donation, then under Louisiana law the donee bears the burden of proving an alleged donation. It notes that a descriptive list in a succession is accepted as prima facie proof of all matters shown therein, but Namer has not submitted such evidence. It states that in the absence of evidence from independent, disinterested persons and documents created by persons other than Namer, he has failed to carry his burden of proof. Rec. doc. 1128.

Namer replies that the affidavits are sufficient. He demonstrates that they were not contradicted by the FTC with evidence. He denies that the safe deposit box belonged to him. Instead, he contends that he only had access to it. He urges that the many of the items were stored in the box more than twenty years ago after Dr. Namer's death.

A prima facie case refers to the party's production of enough evidence to allow the fact finder to infer the fact at issue and rule in the party's favor. Black's Law Dictionary, Seventh Edition 1999, at p. 1209. In certain cases a plaintiff can create a rebuttal presumption by establishing a prima facie case. Amburgey v. Corhart Refractories Corporation, 936 F.2d 805, 811 (5th Cir. 1991). In the context of a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2553-54.

The affidavits from Namer's mother and wife are not sufficient to establish a prima facie case that the objects in the safe deposit box are not owned by him.  Particularly in light of the history of this litigation, Namer must present evidence from independent, disinterested persons and documents created by persons other than himself.  In the absence of such evidence he has failed to carry his burden of proof.  Alternatively, if Namer's motion is seen as a motion for summary judgment on the issue of ownership of the contents of the safe deposit box, he has failed to meet his initial burden and the motion must be denied.

IT IS ORDERED that Namer's motion to vacate the order to appoint receiver and for a hearing to assert exemption (Rec. doc. 931) is DENIED as to his contention that the contents of the safe deposit box are exempt from seizure.

New Orleans, Louisiana, this 1st day of May, 2006.

> **SALLY SHUSHAN**
> **United States Magistrate Judge**