UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

## ORDER

NAMER'S MOTION FOR STAY OF ALL PENDING ACTION PENDING RULING FROM THE FIFTH CIRCUIT COURT OF APPEALS (Rec. doc. 1145)

**DENIED**

The defendant, Robert Namer ("Namer"), moves for a stay of all action pending a ruling from the Court of Appeals for the Fifth Circuit. On May 1, 2006, Namer filed a notice of appeal. The notice states that he appeals from the post-judgment orders of the District Court identified in the notice. He requests that this action be stayed in the interest of justice. He urges that he would be irreparably harmed if this action is not stayed and the Court of Appeals rules favorably on his appeal. The Receiver, Claude C. Lightfoot, Jr. (Receiver"), opposes the request for a stay because it would delay the auction of the radio station set for May 16, 2006. Rec. doc. 1146.

Pursuant to Fed. R. App. P. 8(a)(a)(A), a party must ordinarily move first in the district court for a stay of the order of a district court pending appeal. In Belcher v. Birmingham Trust National

Bank, 395 F.2d 685 (5th Cir. 1968), the Fifth Circuit described four factors that must be considered in determining whether the appellant has shown sufficient reason for granting the "extraordinary remedy of stay pending appeal." Id. The four factors are: (1) whether the appellant has made a strong showing that he is likely to succeed on the merits of the appeal; (2) whether the appellant has demonstrated that unless a stay is granted he will suffer irreparable injury; (3) whether a stay would substantially harm other parties to the litigation; and (4) whether the granting of the stay would serve the public interest. Id. at 685-86. The third factor only comes into play when the required showing has been made on the first two factors. The fourth factor is pertinent in litigation over regulatory statutes. Id. at 686. Accordingly, this court must focus on the first two factors.

In his reply memorandum, Namer urges that the appeal of the District Judge's order denying his motion to recuse has a high probability of success. If this order is reversed on appeal, he contends that all other orders, including the District Judge's order approving the auction will be void. He argues that the District Judge denied him due process in taking action on certain motions without a hearing.

On February 23, 2005, the District Judge referred this matter to the Magistrate Judge for recommendations in accord with 28 U.S.C. §636(b)(2). Rec. doc. 870. Pursuant to that referral, the undersigned acted on numerous motions filed by Namer as well as relief sought by the Receiver in the discharge of his duty to liquidate the assets of the corporations. Namer routinely filed motions to reconsider each ruling by the undersigned.

On March 14, 2006, a report and recommendation that the radio station assets be auctioned was signed. Rec. doc. 1089. Namer objected. Rec. doc. 1103. At the Receiver's request in order

to avoid delay in the auction of the radio station assets, the objection was set for consideration on April 5, 2006 . Rec. doc. 1113.  On March 16, 2006, Namer's motions to reconsider were denied. Rec. doc. 1092.  Objections were filed on this and other orders Rec. doc. 1106-1111.  These were set for consideration April 26, 2006.  On April 5, 2006, a hearing for one hour and fifteen minutes was held before the District Judge and Namer's objection to the auction was denied.  Namer's motion to recuse the District Judge was denied.  Rec. doc. 1119.  On April 18, 2006, the plaintiff, Federal Trade Commission ("FTC"), filed oppositions to Namer's objections that were set for April 26, 2006.  Rec. docs. 1123-25.  On April 26, 2006, the District Judge issued an order concerning Namer's objections at Rec. docs. 1106-11, stating that the objections were opposed and they "came for hearing on April 26, 2006, on the briefs."  Rec. doc. 1138.  The undersigned's rulings were affirmed.[1]

Namer complains that the District Judge's ruling on April 26, 2006 was flawed because his objections were resolved on briefs and without oral argument.  He contends that the District Judge was required to have oral argument on Namer's objections to the undersigned's ruling on the following motions:

1. Receiver's motion to compel Namer to turn over mail (Rec. doc. 1006);

2. Namer's motion to dismiss based on accord and satisfaction and to stay all proceedings (Rec. doc. 1009);

---

[1] Namer states that the minute entry for April 5, 2006 demonstrates that Namer's motion to dismiss was denied.  This is not correct.  The minute entry refers to: (1) Namer's objection to the undersigned's recommendation on the Receiver's motion to approve auction of radio station assets; (2) the Receiver's objection to undersigned's ruling concerning procedures at depositions; and (3) the Namer's motion to recuse the District Judge.  Rec. doc. 1119.

3. Namer's motion to remove attorney for receiver (Rec. doc. 1012);

4. Namer's motion to stay seizure and sale of all and access to all files and tapes (Rec. doc. 1029);

5. Namer's Rule 60 motion to dismiss appointment of Receiver and judgment against all defendants (Rec. doc. 1072); and

6. Namer's motion objection to Receiver's request for an order authorizing employment of a certified public accountant (Rec. doc. 1071).

There was no need for the District Judge to hold a hearing on Namer's objections to these rulings. All of the issues raised were susceptible to resolution on the briefs submitted by the parties.

There was no denial of due process. Namer has not made a strong showing that he is likely to succeed on the merits of the appeal. He has not demonstrated that unless a stay is granted he will suffer irreparable injury and therefore, Namer is not entitled to the extraordinary remedy of a stay pending appeal. Belcher, 395 F. 2d at 685. It is past time for Namer to recognize that the FTC's November 8, 1991 judgment for more than $3 million against National Business Consultants and himself is final. Namer must recognize that the District Judge's January 23, 2003 decision to cast Namer, Inc., America First Communications, Inc., Voice of America, Inc. as judgment debtors is final. Since the FTC sought to seize the assets of these corporations in satisfaction of the judgment, Namer has done everything he can to thwart the Receiver's actions. While that is his right, his arguments have been fully considered and rejected in this Court. If he chooses, he may attempt to appeal the Court's orders but he is not entitled to a stay while he appeals.

4

IT IS ORDERED that Namer's motion for stay of all action pending ruling from the Fifth Circuit Court of Appeals (Rec. doc. 1145) is DENIED.

New Orleans, Louisiana, this 8th day of May, 2006.

SALLY SHUSHAN
United States Magistrate Judge