**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC., et al** | **SECTION: "M"(1)** |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion by Claude C. Lightfoot, Jr. ("Receiver") for approval of the second and final application of Emile L. Turner, Jr. of the Law Office of Emile L. Turner, Jr. ("Mr. Turner") for professional fees of $8,381.50 and expenses of $2,582.72 for a total $10,964.22. Mr. Lightfoot is proceeding in his capacity as receiver of Namer, Inc., Voice of America, Inc. ("VOA") and America First Communications, Inc. ("AFC"). Rec. doc. 1296. All motions for fees and costs in this case were referred to the undersigned. Rec. doc. 1263.

The application is unopposed. For the reasons described below, it is recommended that Mr. Turner be awarded fees of $8,381.50 and expenses of $2,582.72 for a total $10,964.22.

On July 7, 2008, a report and recommendation was issued on Mr. Turner's first application for fees and costs ("July 2008 R&R"). Rec. doc. 1308. It was approved by the District Judge. Rec. doc. 1310. The description of the background of this controversy and the results of the receivership from the July 2008 R&R are incorporated by reference.

## BILLING JUDGMENT

The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th

Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1939 (1983).

Counsel is "then required to exercise billing judgment to exclude from the fee request any "hours that are excessive, redundant or otherwise unnecessary." Hensley, 103 S. Ct. at 1939-40. Billing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours. Walker v. U.S. Dep't of Hous. and Urban Dev., 99 F.3d 761, 769-70 (5th Cir. 1996).

The statement submitted by Mr. Turner demonstrates that billing judgment was employed. A careful examination of Mr. Turner's statement does not reveal the need for any further exercise of billing judgment.

### HOURS REASONABLY EXPENDED

In calculating the lodestar, the hours worked should be supported by the billing records of the attorney making the claim for fees. Watkins v. Fordice, 7 F.3d 453, 457 (1993). The court then determines the number of hours that were "reasonably expended" in litigation of the claim. The Fifth Circuit instructs that compensable hours are determined from the attorney's time records and include all hours reasonably spent. Shipes v. Trinity Industries, 987 F.2d 311, 319 (5th Cir. 1993).

Mr. Turner's statement contains detailed descriptions for each entry. The hours which are included in the final application were reasonably expended by Mr. Turner as general counsel for the Receiver.

## HOURLY RATE

The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley, 103 S. Ct. at 1939-40. At this step in determining the lodestar, district courts must select an appropriate hourly rate based upon the prevailing community standards for attorneys of similar experience in similar cases. Shipes v. Trinity, 987 F.2d at 319 (emphasis added). The statement demonstrates that the hourly rate for Mr. Mr. Turner is consistent with the Court's order. Rec. doc. 892.

## JOHNSON FACTORS

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Forbush, 98 F.3d at 821; see also Walker, 99 F.3d at 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate). While the court is required to give reasons upon which an award is based, it is not required to fully address each of the Johnson factors in the recitation of its reasons. See Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549, 552 (5th Cir. 1987). In Hensley the Supreme Court noted that many of the Johnson factors are "subsumed" in the initial calculation of reasonable hours and rates. 103 S. Ct. at 1940 n. 9. The Johnson factors do not require any adjustment to the fees sought by Mr. Turner.

## COSTS

Mr. Turner seeks to recover $2,582.72 in costs. $1,351.34 was incurred by the Receiver as attorney's fees to secure the dismissal of one of the corporations under Receivership, VOA, from a complaint filed in state court in Mississippi. The undersigned's review of the costs demonstrates

that they were reasonably incurred.

## RECOMMENDATION

It is RECOMMENDED that:

1.   The Receiver's motion to approve and pay second and final application of general counsel for fees and expenses (Rec. doc. 1392) be GRANTED.

3.   Emile L. Turner, Jr. and the Law Office of Emile L. Turner, Jr. be awarded fees of $8,381.50 and expenses of $2,582.72 for a total $10,964.22.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __2nd__ day of September, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**