UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FEDERAL TRADE COMMISSION**         **CIVIL ACTION**

**VERSUS**                            **NO: 89-1740**

**NATIONAL BUSINESS**                 **SECTION: "S" (1)**
**CONSULTANTS, INC. ET AL.**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Robert Namer's "Motion to Quash Seizure," pursuant to 28 U.S.C. § 3202, is **DENIED**. (Document #1355.)

### I. BACKGROUND

The United States has a judgment against Robert Namer and others consisting of $3,019,377.00 in damages awarded to consumers for redress, $875,619.34 in prejudgment interest, $239,624.00 in attorney's fees, $31,858.19 for costs, and post-judgment interest accruing at a rate of 5.42% per annum compounded annually. A total of $9,725,912.39, inclusive of post-judgment interest through June 23, 2009, remains unpaid.

On June 10, 2009, the United States served writs of execution on JP Morgan Chase Bank, Capital One Bank, Regions Bank, Bank of America, and Wells Fargo for all assets of the defendants, Robert Namer, National Business Consultants, Inc., Voice of America, Inc., America

First Communications, Inc., Namer, Inc., and Friends of Robert Namer, seizing $40,203.71 in the accounts. On June 17, 2005, the court appointed a receiver, Claude Lightfoot, to manage the affairs of Namer, Inc., America First Communications, Inc., and Voice of America, Inc. Rec. Doc. # 908. Only Namer has asserted that a portion of the assets in the bank accounts, $30,776.62, is exempt, pursuant to 28 U.S.C. § 3202.[1]

## II. DISCUSSION

### A. Disposable earnings

Namer contends that he earned $37,708.38 in the accounts through various ventures which provide him with his livelihood. He argues that, under Louisiana Revised Statute 13:3881, he may claim an exemption of 75% of the disposable earnings

Pursuant to 28 U.S.C. § 3014(a)(2), an individual debtor may elect to exempt any property that is exempt under federal or state law. Under Louisiana law, La. Rev. Stat. 13:3881 sets out the general exemptions from seizure:

> 1(a) Seventy-five percent of his disposable earnings for any week . . . .
>
> (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld and which amounts are reasonable and are being deducted in the usual course of business **at the time the garnishment is served** upon the employer for the purpose of providing benefits for retirement, medical

---

[1] A hearing on the motion to quash seizure was held on June 24, 2009. The court deferred ruling on the motion to quash, and the government moved to reconsider the deferral and address the motion to quash the seizure. On September 24, 2009, the court granted the government's motion and set the hearing on October 28, 2009, to be considered on the written memoranda. Namer did not object to the order to consider the motion on the written memoranda. An evidentiary hearing is not necessary because there are no factual issues, and the issues are resolved as a matter of law.

2

insurance coverage, life insurance coverage and which amounts are legally due or owed to the employer in the usual course of business **at the time the garnishment is served**.

Id. (emphasis added). The debtor shall bear the burden of persuasion that the exemption applies. 28 U.S.C. § 3014(b)(2).

Section 13:3881 "is limited by the specific reference to garnishment in the definition of 'disposable earnings.'" In re Sinclair, 417 F.3d 527, 532 (5th Cir. 2005). Thus, the disposal earnings exemption applies only to attempts to garnish wages before they have been paid and does not protect wages once they have been paid. Id. Therefore, wages are not protected under the statute once they have been deposited into a bank account. Id. Because the funds have been deposited into a bank account, Namer has not carried his burden of establishing that the exemption applies.

**B. Loan proceeds**

Namer argues that $2,495.33 of the seized assets constitute proceeds of a loan and are exempt. The government argues that Namer lacks standing to claim an exemption for $1,272.65 in Chase account No. *****1724 and $1,222.68 in Chase account No. *****9617 because they are held in the accounts of the Voice of America, Inc. and America First Communications, Inc., which are currently under court-appointed receivership. The government contends that, if any exemptions apply, they must be asserted by Claude Lightfoot.

"Article III standing, at its 'irreducible constitutional minimum,' requires Plaintiffs to demonstrate: they have suffered an 'injury in fact'; the injury is 'fairly traceable' to the defendant's actions; and the injury will 'likely . . . be redressed by a favorable decision.'" Public

3

Citizen, Inc. v. Bomer, 274 F.3d 212, 217 (5th Cir. 2001) (quoting Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992)). "[A]n injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. "[P]articularized . . . mean[s] that the injury must affect the plaintiff in a personal and individual way." Id. (citing Lujan at 2136 n.1).

Namer has not demonstrated that the seizure of the assets in the accounts of Voice of America, Inc. and America First Communications, Inc. affect him in a personal and individual way; therefore, he cannot demonstrate an injury in fact. The companies are in receivership, and the receiver represents their rights in investigating the financial affairs and liquidating their assets. Accordingly, Namer lacks standing to claim any exemption that might apply under federal or state law.

New Orleans, Louisiana, this  29th  day of October, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4