UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 89-1740** |
| **NATIONAL BUSINESS CONSULTANTS, INC. ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Robert Namer's "Motion for Reconsideration of the Court's Denial Order of Namer's Motion to Quash Seizure" and the "Supplemental [Motion] for Reconsideration of the Court's Denial Order for Motion to Quash Doc. #1412 And Order to Release Levied Funds Doc. #1413 and Order Denying Reconsideration Doc. #1417" is **DENIED**. (Documents#1414 and #1418.)

**IT IS FURTHER ORDERED** that the "Request for Hearing on Exemptions" is **DENIED AS MOOT**. (Document #1374.) A hearing was held, and the motion was continued and submitted to the court on the memoranda.

## I. BACKGROUND

On June 10, 2009, the United States served writs of execution on five financial institutions holding accounts in one or more of the defendants' names: Capital One, Bank of

America, Regions Bank, JPMorgan Chase, and Wells Fargo.[1]  A total of $39,779.71 was frozen on the date the banks were served.  On June 17, 2009, Namer filed a motion to quash the seizure of the funds.  On September 9, 2009, the court entered an order denying the motion to quash without prejudice to Namer's right to re-urge it when the Receiver had presented a final accounting.

On September 23, 2009, the United States filed a motion to reconsider, asking that the denial of Namer's motion to quash should have been with prejudice.  The government argued that the Receiver's activities could not satisfy Namer's debt because the gross proceeds from the Receiver's activities totaled only $937,389.41 and could never be more than the almost $10,000,000 debt.  Further, the government argued that there was a danger of loss of the frozen assets if the decision on the motion to quash were delayed.  On September 24, 2009, the court granted the government's request to hear the motion to quash, and the motion was set for hearing on October 28, 2009.  The government's motion for release of funds and motion for confirmation of writ were deferred until the court ruled on the motion to quash.  Namer filed a supplemental memorandum in support of his motion to quash on October 12, 2009.

On October 29, 2009, the court issued its Order and Reasons denying Namer's motion to quash.  Document # 1412.  On November 2, 2009, the court confirmed the writs of execution against the financial institutions, and ordered the financial institutions to release the frozen funds to the Clerk of Court.  On November 3, 2009, Namer filed a motion for reconsideration,

---

[1]  A full recitation of the facts and procedural history is found in <u>Fedeal Trade Commission v. Namer</u>, 2007 WL 2974059 (5th Cir. Oct. 12, 2007).

document #1414; and on November 10, 2009, a supplemental memorandum for reconsideration, document #1418. The court set Namer's motions for hearing without oral argument. See document #1419, setting for hearing documents #1374, #1412, #1413, and #1417.

## II. DISCUSSION

**A. Motion and supplemental motion to reconsider denial of motion to quash**

**1. Accounting**

Namer contends that the court should prohibit the government from seizing any assets until he is provided a full accounting. He argues that he is unable to present facts in support of accord and satisfaction of judgment unless he receives a final full accounting. In his supplemental memorandum, Namer argues that the court's orders do not take into consideration the amount paid on the judgment, and the balance due. He contends that he seeks full accountability of all seized assets since 1989, not just an accounting from the Receiver. Namer contends that the government failed to provide a full accounting for over 20 years, in violation of the procedural safeguards provided in 28 U.S.C. § 3205(c)(9). Namer contends that, for 20 years, the government has claimed the judgment amount to be $3,019,377, representing the damages awarded for consumer redress, plus prejudgment interest from the date of judicial demand and attorney's fees and costs, as set forth in the judgment of November 8, 1991.

Namer has not shown that he is entitled to a full accounting under the FDCPA for every seizure over the last 20 years before the assets in the bank accounts can be seized. Section 3205 of the FDCPA provides for an accounting of garnishments:

(c) **Procedures applicable to writ.--**

. . . .
   **(9) Accounting.–(A)** While a writ of garnishment is in effect under this section, the United States shall give an annual accounting on the garnishment to the judgment debtor and the garnishee.

In this case, there are five outstanding writs of garnishment against the following closely-held companies: Blue Haven National Management, Inc., Blue Haven Pools of Louisiana, Inc., P&A Holdings, Inc., BRP, Inc., and Golden State Industries, Inc. Only Blue Haven National Management, Blue Haven Pools of Louisiana, and P&A Holdings have answered the garnishment, stating that they do not owe or anticipate owing anything to the defendants.[2] Therefore, at this time, no accounting of garnishment to the judgment debtor is due under § 3205(c)(9).

Further, no accounting is due as to defendants' seized companies under the FDCPA. Claude Lightfoot was appointed as receiver over three defendant companies, namely, Namer, Inc., Voice of America, Inc., and America First Communications, Inc. to assume control, investigate the financial affairs, and liquidate the assets, pursuant to § 3203(e). "All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a). The seizure of these companies and assets were

---

[2] Upon belief that Blue Haven National Management, Inc. and Blue Haven Pools of Louisiana, Inc. employ Namer, the government filed a motion to compel the companies to respond to subpoenas *duces tecum* for records concerning Namer's employment, earnings, and assets. Document #1409. On December 9, 2009, Magistrate Judge Shushan, granted the motion to produce records with the following limitations: redacted copies of resolutions and minutes of meetings of Blue Haven companies; only records of P&A Holdings that are in the possession of the Blue Haven companies; and only documents under seal in a state-court suit in California that provide information concerning Namer's employment status, compensation package, and assets. Document #1429.

4

not writs of garnishment garnishments, but writs of executions. Nothing in the FDCPA requires the receiver to make an accounting as a result of issuance of a writ of execution.

**2. Accord and satisfaction**

As in previous motions, Namer argues that he is unable to urge accord and satisfaction without a full accounting. "The three elements essential to the confection of a valid accord and satisfaction are: (1) a disputed claim, (2) the debtor's tendering of a sum less than that claimed by the creditor, and (3) the creditor's acceptance of the payment." United States v. Bloom, 112 F.3d 200, 206 (5th Cir. 1997). "[M]utual consent is and absolute requisite to the formation of a contract of accord and satisfaction." Id. (internal quotation and citation omitted). Namer has not demonstrated mutual consent to settle the debt or shown that the FTC has accepted the amount paid as satisfaction for the judgment. See Federal Trade Commission v. Namer, 2007 WL 2974059 (5th Cir. 2007) (affirming the denial of Namer's motion to dismiss on the basis of accord and satisfaction).

**3. Notice**

Namer argues that the government violated his right of due process by failing to give him notice of the writs of execution served on the banks and obtaining an *ex parte* order seizing his property before his request for a hearing on exemptions could be heard. Namer contends that his request for hearing on exemptions, document #1374 filed on June 30, 2009, has not been heard and must be disposed of, pursuant to 28 U.S.C. § 3014,³ before the government can take any

---

³ Section 3014(b)(3) provides:
**(3) Stay of disposition**.– Assertion of an exemption shall prevent the United States from selling or otherwise disposing of the property for which such

5

collection action.

Section 3202(b) provides the notice requirement in order to enforce a judgment. Pursuant to the statute, the United States prepares and the Clerk of Court shall issue a notice that the property is being taken pursuant to a judgment for a debt in a sum certain. The notice must inform that there are exemptions under the law which may protect some property from being taken, if the debtor can show that the exemptions apply. If the debtor thinks that the property is exempt, he has a right to ask the court to return the property. A request for a hearing must be made within 20 days after receipt of the notice. The request may be made by checking the appropriate box on the notice and sending it to the government.

The government notified Namer that a writ of execution was issued, and Namer filed a "Request for Hearing" on the form provided by the government. Document #1374, June 30, 2009. Namer indicated that he did not owe the money and that the property is exempt under federal and state law.[4] A hearing was held on June 24, 2009, and the motion to quash seizure, #1335, and the motion to dismiss, #1333, were continued to July 22, 2009, at which time they were taken under submission. The court considered Namer's arguments that the seized assets

---

exemption is claimed until the court determines whether the debtor has a substantial nonexempt interest in such property. The United States may not take possession of, dispose of, sell, or otherwise interfere with the debtor's normal use and enjoyment of an interest in property the United States knows or has reason to know is exempt.

[4] The government points out that the form to claim an exemption under State law was omitted from the packet provided to Namer. The government contends that Namer was not prejudiced because he received a list of state exemptions on several other occasions and cited several state exemptions in document #1374. The government subsequently forwarded a copy of the list of state exemptions and indicated that it would not raise timeliness as an objection to any additional state exemptions Namer wished to assert.

were exempt and denied the motion to quash seizure on October 29, 2009. Document #1412. Accordingly, Namer's right of due process was not violated because he received a hearing on his claims for exemptions.

The motion to reconsider the denial of his motion to quash the seizure is denied.

**B. Motion to reconsider grant of government's motion to release levied funds**

Namer argues that 75% of his disposable earnings and the proceeds of loans are exempt from seizure. The court has previously addressed this issue, and Namer does not put forth any new argument that the property is exempt from seizure. Accordingly, the motion to reconsider the grant of the government's motion to release the levied funds is denied.

New Orleans, Louisiana, this __17th__ day of December, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**