UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FEDERAL TRADE COMMISSION                                CIVIL ACTION

VERSUS                                                  NO: 89-1740-LMA-SS

NATIONAL BUSINESS
CONSULTANTS, ET AL

## REPORT AND RECOMMENDATION

On October 24, 2013, the District Judge ordered the garnishee, Wingert, Grebing, Brubaker & Justice, LLP ("Wingert Firm"), to either provide a response to the objections of the plaintiff, Federal Trade Commission ("FTC"), or provide an amended answer by November 4, 2013.  Rec. doc. 1527.  The Wingert Firm responded to the FTC's objections.  Rec. doc. 1542.  In its reply, the FTC requests an order sustaining its objection and compelling the Wingert Firm to supplement its answers to the writ of garnishment.  Rec. doc. 1551.  The matter was referred to the assigned Magistrate Judge for findings and recommendation.  Rec. doc. 1556.

In its original answer to the writ of garnishment, the Wingert Firm identified the existence of a retainer in its possession from Robert Namer but failed to specify the amount of the retainer or the value of Namer's interest in it.  Rec. doc. 1517.  The FTC seeks an order requiring the Wingert Firm to describe the nature of the retainer in its custody and the value of Namer's interest therein.  Rec. doc. 1524.

The Wingert Firm, a California law firm, contends that it is barred by the law of California from providing this information to the FTC.  It relies on the California Rules of Professional Conduct and the Business and Professions Code.  It also urges that Namer has a right of financial privacy under California law.  The entirety of the argument by the Wingert Firm depends on the

application of California law.  Rec. doc. 1542.

The burden of proof on a claim of privilege rests with the party claiming the privilege. Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992).  Federal common law, not state law, governs the issue.  United States v. Blackman, 72 F.3d 1418, 1423 (9th Cir. 1995).  In both the Ninth and Fifth Circuits, information regarding the fee arrangement between an attorney and his client is not privileged.  See United States v. Horn, 976 F.2d 1314, 1317 (9th Cir. 1992); and In Re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena, 926 F.2d 1423, 1431 (5th Cir. 1991).

The "form" answer that accompanied the writ called for the Wingert Firm to fill in blanks on the form that pertained strictly to financial information.  Rec. Doc. 1517. One of the entries requested the Wingert Firm to provide a description of any property in its custody, control, or possession in which Namer maintained an interest and, for any such property identified, to state the property's approximate value and a description of Namer's interest in the property. The bare financial information requested by the writ does not in any manner disclose confidential communications between Namer and his counsel.

## RECOMMENDATION

IT IS RECOMMENDED that:

1. The FTC's request for an order sustaining its objection and compelling the Wingert Firm to supplement its answer to the FTC's writ of garnishment (Rec. doc. 1551) be GRANTED.

2. **Within fourteen (14) days of the District Judge's entry of an order on this recommendation**, the Wingert Firm be ordered to provide:  (a) a description of the

retainer (the property in its custody, control, or possession in which Robert Namer maintained an interest); (b) the approximate value of the retainer; and (c) a description of Robert Namer's interest in it.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of December, 2013.

                                             **SALLY SHUSHAN**
                                             **United States Magistrate Judge**