UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FEDERAL TRADE COMMISSION               CIVIL ACTION

VERSUS                                 NO: 89-1740-LMA-SS

NATIONAL BUSINESS
CONSULTANTS, ET AL

## ORDER

DEFENDANT'S MOTION TO QUASH AND FOR AN ACCOUNTING (Rec. doc. 1558)

 **DENIED**

DEFENDANT'S MOTION FOR RECONSIDERATION  (Rec. doc. 1565)

 **DENIED**

 The defendant, Robert Namer, filed a motion to quash garnishment and for an accounting. Namer raises a preliminary issue concerning the Clerk's treatment of the November 12, 2013 filing of the motion to quash as deficient. Rec. doc. 1547. When it was filed on November 12, 2013, Namer sought to have it heard on December 4, 2013. Id. Namer requested that the motion to quash be taken up on that date. Rec. doc. 1558 (Memorandum at 3). This was resolved when the Court set the motion for December 18, 2013. Rec. doc. 1563.

 Namer urges that the FTC's application for writ of garnishment does not conform to the judgment being enforced. On November 8, 1991, a judgment was entered against Namer for $3,019,377.00. With pre-judgment interest, attorneys' fees, costs and post-judgment interest, the FTC contends the current balance is $12,199,760.57. Rec. doc. 1564 at 2. The FTC concedes that there is an error in its application for a writ of garnishment to a law firm, Wingert, Grebing, Brubaker & Juskie, LLP. The application reports that judgment was entered on November 8, 1991

against Namer for $9,145,009.40.  The FTC contends, however, that it correctly reported that the balance due as of the date of the application was $11,528,092.29.  Rec. doc. 1564 at 2.  Considering Namer's failure to pay the principal balance of the 1991 judgment, the Court agrees with the FTC that his objections about the description and computation of interest and other elements owed are without merit.

Namer contends that he was not given notice of the garnishment applications.  This precluded him from raising the issue about the conformity of the judgment with the application prior to its issuance.  The FTC filed its applications for writ of garnishment.  The Court's ECF/PACER system sent e-notifications of the filings.  Namer contends that he did not receive notice of the applications until after the writs were issued.  The FTC's application for a writ of garnishment to the Wingert law firm is Rec. doc. 1507.  It indicates that notice of the filing of the application was sent electronically to not only counsel for Namer, including Michael Fawer, David Courcelle, Peyton Burkhalter, Provino Mosca and Richard Kanuch, but also to Robert Namer at rn@webnetinfo.com.  Notice to him and his counsel was abundant.  More importantly, Namer's issue concerning the conformity of the judgment with the writ application has been addressed and rejected.

Namer argues that the judgment became time-barred on November 8, 2011 or 20 years after its issuance.  The FTC contends that a federal judgment is unrestricted in duration.  See U.S. v. Pierce, 231 B.R. 890, 893 (E.D.N.C. 1998) ("We must and should assume that Congress was aware that a federal judgment is unrestricted in duration.").  FTC v. Namer, 481 Fed. Appx. 958, 2012 WL 3045641 (5th Cir. 2012), affirmed the judgment approving the renewal of FTC's judgment liens created under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3201(c)(2)(B). In arguing for the unrestricted duration of a federal judgment, FTC relies on Pierce and FTC v.

<u>Namer</u>.  Rec. doc. 1564 at 3-4.  Namer contends <u>FTC v. Namer</u> rejected this position quoting the following from the opinion:

> Louisiana Civil Code Article 3501, which would preclude enforcement of the judgment after ten years from the entry of that judgment unless timely revived, is such an inconsistent state law and is, therefore, preempted. The FDCPA allows twenty years for renewal of judgments.  See 28 U.S.C. § 3201.

481 Fed. Appx. at 959.

The Court disagrees with Namer's contention.  28 U.S.C. §3201 is concerned with judgment liens.  After describing how a judgment in a civil action creates a lien on the judgment debtor's real property (subpart (a)), Section 3201 establishes:  the priority of such a lien (subpart (b)); the duration and renewal of the lien (subpart (c)); the release of the judgment lien (subpart (d)); the effect of the lien on eligibility for grants and loans (subpart (e)); and the sale of property subject to a judgment lien (subpart (f)).  The statute does not state that the duration of a federal judgment is 20 years.  Namer's argument that the 1991 judgment is time-barred is without merit.

Namer argues that the FTC is limited to enforcing its judgment as a lien only against real property found in the parishes and counties where an abstract of the judgment was recorded against him.  Rec. doc. 1558  (Memorandum at 6).  The argument is rejected for the reasons presented by the FTC.  Rec. doc. 1564 at 3.

\*   \*   \*

On November 13, 2013, Namer, appearing in proper person, requested a hearing because the FTC "has not complied with the statutory requirements for issuance of the post-judgment remedy."  Rec. doc. 1552.  The request was denied.  Rec. doc. 1560.  Namer seeks reconsideration.  He states that he was unable to articulate his specific arguments regarding how the FTC failed to satisfy the statutory requirements for issuance of the post-judgment remedy.

Namer contends that, pursuant to 28 U.S.C. § 3205(c)(5), the Court is required to hold a hearing in response to his request.  Section 3205(c)(5) states:

> Within 20 days after receipt of the answer, the judgment debtor or the United States may file a <u>written objection to the answer and request a hearing</u>.  The party objecting shall state the grounds for the objection and bear the burden of proving such grounds.  A copy of the objection and request for a hearing shall be served on the garnishee and all other parties.  The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

Id. (emphasis added).

In response to the answers to the writs of garnishment, the FTC filed objections.  Rec. doc. 1519 and 1524.  The District Judge ordered the garnishees to provide further information.  Rec. doc. Rec. doc. 1526-27.  Namer does not object to the garnishees' answers.  Instead, he challenges the issuance of the writs of garnishments.  Section 3205(c)(5) does not mandate a hearing for relief from a motion for a writ of garnishment.  Moreover, the denial of Namer's motion to quash resolves his issues with the writs of garnishment.

IT IS ORDERED that: (1) Namer's motion to quash and for an accounting (Rec. doc. 1558) is DENIED; and (2) his motion for reconsideration (Rec. doc. 1565) is DENIED.

New Orleans, Louisiana, this 19th day of December, 2013.

                                   **SALLY SHUSHAN**
                              **United States Magistrate Judge**