UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FEDERAL TRADE COMMISSION**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                              **No. 89-1740**

**NATIONAL BUSINESS**                                                                           **SECTION I**
**CONSULTANTS ET AL.**

### ORDER

The Court, having considered the record, the applicable law, the Report and Recommendation[1] of the United States Magistrate Judge, and the objections[2] by defendant-debtor, Robert Namer ("Namer"), which are hereby **OVERRULED**, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. The Court additionally finds that the record would benefit from a formal correction of the harmless errors in some of the original writs of garnishment, as well as an affidavit relative to Namer's total debt.

Accordingly,

**IT IS ORDERED** that Namer's motion[3] to quash and for an accounting is **DENIED**.

**IT IS FURTHER ORDERED** that Namer's motion[4] for reconsideration is **DENIED**.

---

[1] R. Doc. No. 1568. Namer objected to the captioning of the U.S. Magistrate Judge's opinion as an "order," rather than as findings and recommendations. R. Doc. No. 1574-1, at 2. Even subjecting the opinion to *de novo* review pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, however, the Court elects to adopt the U.S. Magistrate Judge's opinion. *See United States v. Lawrence*, 538 F. Supp. 2d 1188, 1191-92 (D.S.D. 2008) ("Some FDCPA decisions rendered by magistrate judges, while not making reference to the authority for doing so, have seemingly been by final appealable orders, . . . while others have been on a report and recommendation basis . . . .") (citing cases).
[2] R. Doc. No. 1574; *see also* R. Doc. No. 1579.
[3] R. Doc. No. 1558.
[4] R. Doc. No. 1565.

**IT IS FURTHER ORDERED** that the writs[5] of garnishment that erroneously describe an initial November 8, 1991 judgment of $9,145,009.40 are **AMENDED** to reflect the correct November 8, 1991 judgment of $3,019,377.00.[6]

**IT IS FURTHER ORDERED** that the government shall submit an affidavit on or before **Monday, February 3, 2014,** setting forth the calculations, including, for example, any credits for payments made by Namer, used to compute the total balance of $12,199,760.57, which was submitted by the government on December 12, 2013.[7]

New Orleans, Louisiana, January 22, 2014.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[5]*E.g.*, R. Doc. Nos. 1502, 1505, 1509.
[6]R. Doc. No. 548.
[7]*See* R. Doc. No. 1564, at 2. To be clear, the Court finds unpersuasive Namer's arguments that this balance is incorrect.