UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FEDERAL TRADE COMMISSION                                              CIVIL ACTION

VERSUS                                                                         No. 89-1740

NATIONAL BUSINESS                                                     SECTION I
CONSULTANTS ET AL.

ORDER

Before the Court is a motion[1] by defendant-debtor, Robert Namer ("Namer"), to strike the affidavit submitted by plaintiff, the Federal Trade Commission, on the basis that it is inaccurate.[2] In his motion, Namer also argues, in essence, that judicial estoppel bars plaintiff from collecting post-judgment interest.[3] Plaintiff has filed an opposition,[4] to which Namer has replied.[5]

Namer first seeks to strike the affidavit on the basis that it is inaccurate.[6] He asserts that the affidavit fails to account for the seizure and sale of certain assets, although he identified only one such asset, which was sold for $578,100.00 in 2007.[7] Plaintiff's opposition explains why those proceeds were not included in the affidavit,[8] and Namer has not challenged the accuracy of that explanation in his reply.[9]

Namer also argues that judicial estoppel bars plaintiff from taking any position inconsistent with the position taken in its July 12, 2002 motion.[10] In that motion, plaintiff noted that it was a

---

[1] R. Doc. No. 1601.
[2] R. Doc. No. 1601-1, at 2.
[3] R. Doc. No. 1601-1, at 4.
[4] R. Doc. No. 1610.
[5] R. Doc. No. 1613.
[6] R. Doc. No. 1601.
[7] R. Doc. No. 1601-1, at 2.
[8] R. Doc. No. 1610, at 2-3.
[9] R. Doc. No. 1613.
[10] R. Doc. No. 160-1, at 4.

judgment creditor of National Business Consultants, Inc. and Robert Namer, "jointly and severally, for the sum of $3,019,3770.00, representing the relief/damages awarded for consumer redress, plus pre-judgment interest from date of judicial demand and attorneys' fees and costs, as fully set forth in judgment rendered on November 8, 1991."[11] The sum referenced in that motion reflects the judgment entered on November 8, 1991, but it does not include the subsequent accrual of interest.[12] Similarly, the Court's findings of fact and conclusions of law as well as amended judgment relative to the motion note that plaintiff is a judgment creditor in the sum of $3,019,377.00, by virtue of the November 8, 1991 judgment, but those documents do not address the accrual of interest after that date.[13]

As plaintiff has previously explained to Namer, "Post-judgment interest on a civil judgment under 28 U.S.C. § 1961 is mandatory."[14] The fact that plaintiff has not always reiterated the interest requirement relative to Namer's judgment does not constitute waiver, and it does not support a judicial estoppel claim. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983)).

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 14, 2014.

                                      **LANCE M. AFRICK**
                                   **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 796, at 1-2.
[12] *See* R. Doc. No. 548 (entering judgment in the sum of $3,019,377.00).
[13] R. Doc. No. 832; R. Doc. No. 851.
[14] R. Doc. No. 1579, at 2.